REPUBLIC OIL & GAS CO. v. OWEN et al. (No. 8961.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 25, 1919. Rehearing Denied March 1, 1919.)

APPEARANCE 🗝️9(5)—MOTION TO CONTINUE.

A motion to continue constitutes a general appearance from the fact that defendant has asked an adjudication and invoked the court's powers, so that he necessarily subjected himself to its jurisdiction.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Suit by T. W. Owen and another, composing the firm of Owen & Wilson, against the Republic Oil & Gas Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Cardew, Starling, Cardew, Hemphill & Wallace, of Dallas, for appellant.

Weeks & Weeks, of Wichita Falls, for appellees.

CONNER, C. J. The firm of Owen & Wilson, composed of T. W. Owen and G. E. Wilson, instituted this suit in the Thirtieth district court of Wichita county on the 4th day of June, 1917, to recover upon a promissory note in the sum of $1,417.45 executed by the Republic Oil & Gas Company, and to foreclose a chattel mortgage given to secure said note on certain personal property described in plaintiff's petition. Citation appears to have been issued, but the service thereof, upon motion of the defendant, was quashed on the 16th day of June, 1917, and on the 19th day of June the court of the Thirtieth district made the following order:

"This day the 30th court on its own motion transferred the above entitled and numbered cause to the Seventy-Eighth district court for service and trial."

Thereafter, on the 19th day of September, 1917, the defendant company by its counsel verbally presented, in the Seventy-Eighth district court, a first application for continuance on the sole ground of the absence of a witness named Owsley, at the time thought to be in California, but whose exact whereabouts was alleged to be unknown to the defendant. In this application, which it was agreed might be presented verbally, it was stated that the witness named had gone to California with the knowledge of the defendant, but that defendant had failed to ascertain the exact location. It was made to further appear that since the institution of the suit the witness had been in California the greater portion of the time, but that he had not been communicated with, and no effort had been made to take his deposition. Counsel for the defendant stated that at the time the witness left for California no arrangement had been made to have him come back as a witness, but that he thought he would be back by December, at which time he supposed the case would come up for trial, the suit having been filed in the Thirtieth district court, and he being of the opinion that the transfer to the Seventy-Eighth district court could not be legally made.

Counsel for plaintiff stated that about August 30, 1917, he had been in the office of counsel for the defendant with a view of fixing a date for the trial of the cause, and later received a letter, advising that they, defendant's counsel, would "try to arrange to try this case one day during the week of the 17th (of September) and I will write you next Tuesday what day we can come up there.". In this letter counsel for defendant inclosed a check for $5, and wrote, "Please put this case on the docket and oblige." Upon receiving the letter counsel for the plaintiff caused the case to be placed upon the jury docket and the jury fee paid, and the case set for trial September 17, 1917. The court, after having heard the application, overruled it, but was of the opinion that the case should be postponed to some convenient time, "and it was agreed in open court by counsel for both sides that the case should be set for trial September 27th in order to allow time for counsel for the defendant * * * to ascertain Owsley's address." To which action of the court in overruling said application for continuance, said defendant then in open court excepted.

On September 28, 1917, when the case was called for trial in the Seventy-Eighth district the defendant through its counsel presented a written motion to quash the sheriff's return on the citation on the ground that it failed to show that defendant had been served with a certified copy of plaintiff's petition. The motion alleged that the citation served had attached thereto a copy of the plaintiff's petition, but averred that said copy was not certified to by the clerk as being a correct copy of plaintiff's original petition. This motion was overruled by the court, and was also a motion presented by one of defendant's

counsel as amicus curiæ on the ground that the Seventy-Eighth district court was without jurisdiction to try the case. On the same day, to wit, September 28, 1917, the defendant filed its original answer to the merits, and also filed its first amended answer to plaintiff's first supplemental petition, and the case proceeded to trial, and judgment in plaintiff's favor, and the defendant has appealed.

Appellant's only assignment of error presents a question of jurisdiction. It is insisted that the effect of the quashing of service of the citation by the Thirtieth district court on June 16th, was, by operation of law, to continue the case to the succeeding term of said Thirtieth district court, which was in December, 1917, and that there could be no legal transfer of the case to any other court, as was done by the Thirtieth district court, so as to enforce, without new service, or without a general appearance, an appearance and trial before the date of the opening of the next term of the original court.

By law two district courts were authorized for Wichita county, and section 3 of the act of February 10, 1915 (Acts 34th Leg. c. 6 [Vernon's Ann. Civ. St. Supp. 1918, art. 30]), constituting the Seventy-Eighth district court of Wichita county, reads as follows:

"The judges of the Thirtieth and the Seventy-Eighth district courts for Wichita county may each, in his discretion, at any time or upon agreement of the parties or where the judge may believe the administration of justice will be facilitated thereby transfer any cause, civil or criminal, from the dockets of their respective courts to the docket of the other district court for Wichita county and shall note such transfer on the docket; whereupon the clerk of the district court shall enter said cause upon the docket of the other district court to which such cause has been transferred and such case shall there be tried or disposed of as if originally filed in said court," etc.

By the terms of the law the first term of the Thirtieth district court after the quashal of the service upon the defendant on June 16, 1917, began in December, 1917, while the first term of the Seventy-Eighth district court after such quashal of service began on the first Monday in September, 1917.

Article 1883, Vernon's Sayles' Statutes provides that—

"Where the citation, or service thereof, is quashed on motion of the defendant, the case may be continued for the term, but the defendant shall be deemed to have entered his appearance to the succeeding term of the court."

We do not feel prepared to hold that this article of the statutes should be construed as appellant evidently insists that it shall be. Of course, if applied literally, and no further action of any kind had been taken by appellant and the case had remained in the Thirtieth district court, the effect of the quashal of the service upon appellant, June 16, 1917, would have postponed the time when appellant would have been compelled to answer until the December term of the Thirtieth district court. But as we have seen the act of February 10, 1915, expressly authorized the district courts of Wichita county to transfer causes, and expressly declares that when such transfer has been made the district court to which the case shall be transferred shall there try or dispose of it, as if originally filed in said court. Thus apparently, at least, when this case was transferred to the Seventy-Eighth judicial district court it stood as if the suit had originally been filed in that court, and, if so, the effect of the quashal of the service of the citation would continue the case only to the succeeding September term of the Seventy-Eighth district. However, we need not determine this question, and do not determine it, inasmuch as we find it unnecessary to do so. We are of the opinion that a full answer to appellant's contention here is to be found in action taken in its behalf after the transfer of the cause to the Seventy-Eighth district. It is undisputed that pursuant to request of appellant's counsel a jury was demanded and the case placed upon the jury docket, and that thereafter, on the 19th day of September, a motion for continuance was made, which was acted upon by the court, and counsel for appellant thereupon agreed that the case might be set down for trial on September 28th. At this time counsel for appellant made no suggestion that the court was without jurisdiction, nor was the application for continuance in any manner limited, and we feel no hesitation in holding that in so doing appellant entered its appearance and submitted itself to the jurisdiction of the court. It is well settled with us that all appearances are general appearances unless specially limited, and that a general appearance is a waiver of process and confers jurisdiction of the court over the person appearing. See Mueller v. Heidemeyer, writ of error refused, 49 Tex. Civ. App. 259, 109 S. W. 447, and authorities therein cited, and A., T. & S. F. Ry. Co. v. Stevens (Sup.) 206 S. W. 921. It has been often held that a motion to continue constitutes an appearance. See Degetau v. Mayer, writ of error refused, 145 S. W. 1054, and authorities therein cited. In such cases it is not the fact that a motion to continue, or for any other affirmative action, is sustained or overruled, which operates as an appearance, but it is the fact that the defendant asked an adjudication. Thereby he invoked an exercise of the court's powers and in so doing necessarily subjects himself to the court's jurisdiction.

We think it clear that under the circumstances of this case already stated, appellant appeared and submitted itself to the jurisdiction of the Seventy-Eighth district court,

and, having done so, it could not thereafter, by a motion to quash service of citation or otherwise, deprive the court of the jurisdiction so obtained.

We conclude that appellant's first and only assignment of error should be overruled, and the judgment affirmed.