SIBLEY et al. v. CONTINENTAL SUPPLY CO. (No. 11632.)*

(Court of Civil Appeals of Texas. Fort Worth. Nov. 13, 1926. Rehearing Denied Dec. 18, 1926.)

1. Pleading ⟞111 — Affidavit, controverting plea of privilege, filed within term when plea was filed, is filed in due time (Vernon's Ann. Civ. St. 1925, arts. 2007, 2152).

Under Vernon's Ann. Civ. St. 1925, art. 2007, requiring plaintiff to controvert plea of privilege within 5 days after appearance day, and article 2152, setting appearance day as second day of each term of court, plaintiff may file controverting affidavit to plea of privilege after next appearance day, and affidavit filed within term, when plea was filed, is filed in due time.

2. Bills and notes ⟞28—Statement in note certifying correctness of account between maker and payee, but not stopping running of account, does not prevent it from being "promissory note" (3 Words and Phrases, Second Series, p. 1261; Negotiable Instruments Act, § 184 [Vernon's Ann. Civ. St. 1925, art. 5947]).

Provision on note that it only certifies correctness of account between maker and payee, but does not pay or stop running of account, does not make it a stated account or prevent it from being a "promissory note," within Negotiable Instruments Act, § 184 (Vernon's Ann. Civ. St. 1925, art. 5947), which is defined as promise in writing to pay specified sum at time fixed therein (citing Words and Phrases, Second Series, "Promissory Note").

3. Bills and notes ⟞28—Note definitely promising to pay certain sum, at stated time is "promissory note" Negotiable Instruments Act, § 184 [Vernon's Ann. Civ. St. 1925, art. 5947]).

Note, containing definite promise to pay at stated time a certain sum of money to plaintiff, signed by company by defendant president, is "promissory note," within Negotiable Instruments Act, § 184 (Vernon's Ann. Civ. St. 1925, art. 5947).

4. Bills and notes ⟞469—Allegation of demand for payment of note, sued on to indorsers, sufficiently alleges notice of dishonor or nonpayment to indorsers (Negotiable Instruments Act, § 89 et seq., and § 115, subd. 2 [Rev. St. 1925, art. 5938]).

Petition alleging that note sued on became due and payable at certain place and time, on which date plaintiff demanded payment of indorsers who refused to pay same, sufficiently alleges notice to indorsers of dishonor or nonpayment required by Negotiable Instruments Act, § 89 et seq. (Rev. St. 1925, art. 5938), in view of section 115, subd. 2 (article 5938) providing that notice of dishonor is not required where note is presented for payment to indorser.

5. Bills and notes ⟞422(1)—Notice of dishonor or nonpayment is waived by note providing for waiver of presentation for payment, protest, and "notice."

Note, providing that indorsers waive presentation for payment, protest, and "notice," includes waiver of notice of nonpayment or dishonor, in absence of pleading or testimony to the contrary.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Notice.]

On Motion for Rehearing.

6. Appeal and error ⟞835(2)—Court of Civil Appeals must consider jurisdictional question, though raised on motion for rehearing.

Jurisdictional questions must be considered by Court of Civil Appeals, though not raised until motion for rehearing.

7. Courts ⟞45—Seventy-Eighth judicial district court of Wichita county held to continue in force after Code reapportioning judicial districts (Rev. St. 1925, art. 199, subds. 30, 78, 89; Rev. St. 1925, p. 2419, §§ 2, 8; Complete Tex. St. 1920, art. 30, subd. 78).

Under Rev. St. 1925, art. 199, subds. 30, 78, 89, Rev. St. 1925, p. 2419, §§ 2 and 8, providing that laws organizing courts are continued in force except as otherwise provided, and Act 1915, c. 6, § 1 (Complete Tex. St. 1920, art. 30, subd. 78), Seventy-Eighth judicial district court of Wichita county was continued in force as it existed prior to the adoption of the 1925 Revised Statutes reapportioning judicial districts.

8. Statutes ⟞167(2)—Designated laws exempted from repeal provisions of Code are not repealed.

Where revision or codification especially exempts from repeal certain designated laws, such laws are not repealed.

Error from District Court, Wichita County; Guy Rogers, Judge.

Suit by the Continental Supply Company against S. W. Sibley and others. Judgment for plaintiff, and defendant named and another bring error. Affirmed.

Stennis & Stennis, of Dallas, for plaintiffs in error.
Fischer & Fischer, of Wichita Falls, for defendant in error.

BUCK, J. The Continental Supply Company filed suit against A. T. Sibley and S. W. Sibley, on a note given by Weowona Oil Company by A. T. Sibley, president, and indorsed on the back by A. T. Sibley and S. W. Sibley. The note was as follows:

"Dallas, Texas, June 4, 1924.

"One year after date for value received, we promise to pay to the order of the Continental Supply Company, 1139 Olive Street, St. Louis, Mo., forty nine hundred thirty-seven and

11/100 dollars at City National Bank of Wichita Falls, Tex., with interest at the rate of 8 per cent. per annum from date until paid.

"The makers, signers, and indorsers waive presentation for payment, protest, and notice, and further consent to any renewals or extensions without further notice. This note covering items of a running account between maker and payee is not intended to pay or stop the running of such account, but only to certify to the correctness of the amount thereof represented. They also agree to pay an attorney's fee of $10 and 10 per cent. of this note if the same is placed in the hands of an attorney for collection, or if same is collected by an attorney or by legal proceedings.

"Weowna Oil Company,

"Due 6/4/25.     By A. T. Sibley, President."

Plaintiff alleged that it was a corporation, organized and existing under and by virtue of the laws of the state of Ohio, but duly permitted to do business in the state of Texas, and residing in Wichita county. That the defendants were resident citizens of Dallas county. That since the execution of said note the Weowna Oil Company had become insolvent and had been adjudicated a bankrupt by the United States District Court for the Northern district of Texas, and was therefore not made a party to the suit. That said note was due and made payable to the City National Bank of Wichita Falls, in Wichita county, Tex., and on said date and at numerous times thereafter plaintiff demanded payment of said note of said defendants, but the defendants had failed, neglected, and refused to pay the same or any part thereof. They prayed for the principal sum of the note, together with interest and 10 per cent. of the principal and accrued interest thereon as attorney's fees.

Citation was issued to each of the defendants of Dallas county, and S. W. Sibley was served, but A. T. Sibley was not found. Later, a citation was issued to Wichita county for the defendant A. T. Sibley, but he was not found there and was later dismissed.

S. W. Sibley filed his plea of privilege, on September 8, 1925, to be sued in Dallas county, the county of his residence. On the same day he filed his original answer, which, without waiving the plea of privilege, consisted of a general demurrer and a general denial. On September 24th the plaintiff filed its controverting affidavit and answer to defendant S. W. Sibley's plea of privilege, in which it set up that the district court of Wichita county had jurisdiction by virtue of the fifth exception to article 1830 of Vernon's Sayles' Civil Statutes (now article 1995). In section 5 of the said statute it is provided that:

"If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

On October 5, 1925, the court rendered judgment for the plaintiff and against the defendant S. W. Sibley, in the sum of $6,019, including principal, interest, and attorney's fees, having overruled the plea of privilege. On October 6, 1925, by agreement between the parties, the court vacated said judgment, and set the cause down for trial, on defendant's plea of privilege, as well as on the merits of the case, on October 19, 1925. On the same day defendant filed his answer, in which he did not set up or refer to any plea of privilege, said answer consisting of a general denial and a special answer, in which the defendant alleged that he was the indorser only on the note, and that he had been induced to indorse said note by reason of certain false and fraudulent representations made to him by the representatives of plaintiff, wherefore he prayed judgment of the court that plaintiff take nothing by its suit, etc.

By way of action over, he pleaded that he have judgment in the amount of any judgment rendered against his codefendant, A. T. Sibley.

On October 26, 1925, the court rendered judgment for plaintiff in the total sum of $6,044.25, in which judgment the court overruled defendant's plea of privilege. From this judgment, the defendant has prosecuted his appeal by a petition for writ of error and has executed a supersedeas bond.

### Opinion.

[1] Appellant assigns error to the action of the trial court in overruling his plea of privilege. It is urged that, under article 2007, Vernon's Rev. Statutes, the controverting answer to said plea of privilege was not filed in due time, and that the trial court had only one course to pursue; that is, to grant the plea and to sustain the motion to remove the cause to Dallas county. Said article provides, in part, that:

"If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

Under the statutes, the Seventy-Eighth District Court of Wichita county begins its September term on the first Monday thereof, which, in 1925, was September 7th, and continues in session until Saturday night next preceding the beginning of its March term. The caption to the transcript states that the term began September 7 and ended December 5, 1925. Under article 2152, Rev. Civ. Statutes 1925, the appearance day is the second day of each term of the district or county court. Appellee had until five days after the appearance day, evidently meaning the next appearance day, to file its controverting affidavit. The affidavit was filed on September 24th, within the term when the

plea was filed. We think there is no merit in the contention that the answer was not filed in due time.

[2] The contention is further made that the petition declared upon a promissory note, and that the note-sued on contains language which makes it a stated account. This contention is based on that part of the note which states:

"This note covering items of a running account between maker and payee is not intended to pay or stop the running of such account, but only to certify to the correctness of the amount thereof represented."

A promissory note is defined as:

"A promise in writing to pay a specified sum at a time fixed therein." 3 Words & Phrases, Second Series, page 1261.

Bouvier, in his Law Dictionary, defines it thus:

"A written promise to pay a certain sum of money at a future time, unconditionally."

Benj. Chalmers on Bills, § 271, defines a promissory note as:

"An unconditional written promise signed by the maker to pay absolutely, and, at all events, a sum certain in money either to the bearer or to a person therein designated or his order."

Our Negotiable Instruments Act in section 184 (article 5947, Vernon's Ann. Tex. Statutes, 1925), defines it:

"A negotiable promissory note within the meaning of this act is an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer."

[3] We think this note complies with the definition of a promissory note given in the authorities. It is probable that the maker or the payee of the note, for some reason not clearly shown in the note itself, did not wish the running of the account between the Weowna Oil Company and the Continental Supply Company to be terminated, and this provision was put in the note for that purpose. But the note does contain a definite promise to pay at a stated time a certain sum of money to the Continental Supply Company and is signed by the Weowna Oil Company by A. T. Sibley, president. We think the note is not subject to the claim that it is not a promissory note, and that there is a variance between the allegations in the petition and the proof.

[4] It is further urged that there is no allegation or proof of notice to the appellant here of the nonpayment of the note, and that, under article 5938, Rev. Statutes of 1925, and section 89 thereof, it is provided that:

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

Then follow directions as to whom and when such notice must be or may be given. Want of notice of nonpayment is not specially pleaded by the appellant, though the appellee does plead:

"That said note became due and payable at the City National Bank of Wichita Falls, Tex., on June 4, 1925, and on said date and at numerous times thereafter plaintiff demanded payment of said note of said defendants, but the defendants had failed, neglected, and refused to pay the same or any part thereof," etc.

Section 115, subd. 2, of the Negotiable Instruments Act (article 5938), provides that:

"Notice of dishonor is not required * * * where the indorser is the person to whom the instrument is presented for payment."

Thus it is shown in the pleadings of plaintiff there were sufficient allegations of notice to appellant of the dishonor or nonpayment of the note.

In 20 Ruling Case Law, page 357, it is said that:

"Where notice is alleged, if the defendant desires to take issue thereon he should traverse the allegation" (citing Johnston v. Glancy, 4 Blackf. [Ind.] 94, 28 Am. Dec. 45).

Whether the general denial of defendant, as contained in defendant's answer in the instant case, would be a sufficient denial of the alleged notice contained in plaintiff's petition is a question not necessary for us to decide, and we do not decide the question.

[5] But, irrespective of other answers to this assignment, we think that, by the terms of the note itself, the appellant here waived notice of dishonor or nonpayment. The note provides that:

"The makers, signers, and indorsers waive presentation for payment, protest, and notice, and further consent to any renewals or extensions without further notice."

We think the word "notice" in the above quotation must necessarily be held to include notice of nonpayment or dishonor, at least in the absence of any defensive pleading that it does not, and in the absence of any testimony to the same effect. Appellant urges that the word "notice" in the above quotation means "notice of protest." But we think such a construction unnecessarily narrows and limits the meaning of notice, and that the word "notice" is broad enough to include notice of nonpayment or dishonor.

The judgment below is affirmed.

### Appellant's Motion for Rehearing.

For the first time, appellant in his motion for rehearing raises the question that the district court of the Seventy-Eighth judicial

district was abolished by the Legislature in the adoption of the Civil Code of 1925. Wichita county has three district courts, the Thirtieth, Seventy-Eighth and Eighty-Ninth. Under the title "Apportionment," and under article 199, Rev. St. 1925, the present statute reads:

"30. The Thirtieth judicial district shall be composed of the counties of Wichita, Archer and Young; and the terms of the district court shall be held therein each year as follows:

" 'In the county of Wichita, on the first Monday in January, April, July and October, and may continue in session four weeks.

" 'In the county of Archer, on the first Monday in February, May, August and November, and may continue four weeks.

" 'In the county of Young, on the first Monday in March, June, September and December, and may continue four weeks.

" 'All suits now pending in the Ninety-Second district court for Young county shall be and the same are hereby transferred to the Thirtieth district court.

" 'All process issued, bonds and recognizances made, and all grand and petit juries drawn before this act takes effect shall be valid for and returnable to the next succeeding terms of the district courts of the several counties, as herein fixed as though issued and served for such terms and returnable to and drawn for the same.' "

[6] Under "78" and "89," the statute says, "See 30th District." We have noticed this omission in the article on previous occasions, and in this case on original hearing, but the question not having been raised, we did not discuss it. But it being a jurisdictional question, we will have to consider it, though raised at this late hour.

Under the head "Final Title" (Rev. St. 1925, p. 2419), and section 2 thereof, it is provided:

"*Repealing clause.*—That all civil statutes of a general nature, in force when the revised statutes take effect, and which are not included herein, or which are not hereby expressly continued in force, are hereby repealed."

In section 8 of this title, it is said:

"*Courts.*—That the laws now in force organizing the several district and other courts, or increasing, diminishing, restoring or defining the jurisdiction of said courts, and prescribing the times of holding said courts, except as herein otherwise provided, are continued in force."

Under the law prevailing before the adoption of the 1925 Civil Code, the Seventy-Eighth district court was created, and the statutes provide that the term shall begin—

"on the first Mondays in March and September and shall continue in session until the Saturday night next preceding the beginning of the following term unless the business of the terms shall be sooner disposed of: Provided, that nothing in this act shall be construed to in any way affect the time and terms of the court of the Thirtieth judicial district in said county as the same is now constituted."

See Acts 1915, c. 6, § 1; Complete Texas Statutes 1920, art. 30, subd. 78.

[7, 8] Since section 8 of the "Final Title," supra, especially provides that the laws organizing the several district and other courts, except as herein otherwise provided, are continued in force, it follows that the Seventy-Eighth judicial district court was continued in force as it existed prior to the adoption of the 1925 Code. See Republic Oil & Gas Co. v. Owen (by this court) 210 S. W. 319, writ of error refused. See the discussion of the effect of a revision, codification, and consolidation of previous laws in section 175, p. 924, 25 Ruling Case Law. But where the revision or codification especially exempts from repeal certain designated laws, such laws are not repealed by the revision or the codification.

We have considered other matters raised in appellant's motion for rehearing, but believe we have sufficiently and properly disposed of them on original hearing.

The motion for rehearing is therefore overruled.