## AUSTIN BRIDGE CO. v. ROBINSON et al.
(No. 2853.)

Court of Civil Appeals of Texas. Amarillo.
Sept. 7, 1927.

Rehearing Denied Oct. 12, 1927.

Pleading ⬦⟜111—Where it was impracticable to hear plea of privilege at term when filed, court could hear it during following term (Rev. St. 1925, art. 2013).

Where defendant had refused to appear on date set for hearing of plea of privilege because service of order setting date was had only nine days prior to date set, and defendant claimed service was not completed for full ten days, and it was impracticable to hear plea of privilege after date set during same term, court held authorized, under Rev. St. 1925, art. 2013, to hear it during the following term.

Appeal from District Court, Dickens County; J. H. Milam, Judge.

Suits by Frank K. Robinson against the Austin Bridge Company, and by George Rahl against same defendant, consolidated for purpose of hearing and determining the issue of venue. From judgment overruling defendant's plea of privilege, defendant appeals. Affirmed.

---

⬦⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Collins & Houston, of Dallas, for appellant.

Woodward & Higgins, of Lubbock, and Robt. F. Higgins, of Marlin, for appellees.

JACKSON, J. This suit was instituted in the district court of Dickens county by the plaintiff Frank K. Robinson against the defendant, Austin Bridge Company, to recover damages for personal injuries suffered by him, caused by the alleged negligence of the defendant.

Plaintiff pleads:

That the defendant is a private corporation, incorporated under the laws of this state, and on and prior to September 19, 1925, was in charge of the repairing and construction of a bridge which spanned Duck creek, and was a part of the public road and state highway in Dickens county, Tex. That, before the defendant began the repair and reconstruction of said bridge, a part of which was gone, warnings and safety guards had been placed to advise the traveling public of the dangerous condition of said bridge, and that the defendant, on taking charge of the bridge and the approach thereto, caused said warnings and safety guards to be removed, and failed to place any sign, device, or notice, to give warning to those traveling the highway, of the dangerous condition of the bridge.

That Duck creek, at the place crossed by the highway, was about 25 feet deep, and the portion of the bridge that was out left a precipitous drop of 25 feet from the level of the traveled road to the bottom of the creek. That the highway was traveled generally by the public, and ordinary prudence and care required the defendant to give some notice by sign or otherwise, to the public, a sufficient distance from the bridge, to enable those traveling the highway to avoid the danger—all of which the defendant wholly failed to do.

That, in connection with the work on the bridge, the defendant caused material to be hauled and placed near the approach to the bridge, and so stacked as to entirely obscure the dangerous condition of the bridge.

Plaintiff alleges that he had no knowledge of such conditions, and, on account of the negligence of the defendant in removing the warnings and safety guards, and failing to replace them, or give any other notice of said conditions, and because of its negligence in stacking material so as to prevent the discovery of said condition, that the automobile in which he was traveling, in a lawful manner, on or about September 19, 1925, fell into the creek, resulting in the injuries and damages he sustained, which he fully pleads and alleges was the direct and proximate result of defendant's negligence.

Plaintiff's petition was filed December 16, 1925; citation was issued on the same date, and served on December 29th, citing the defendant to appear and answer the suit on May 31, 1926.

On June 1st the defendant filed its plea of privilege to be sued in the county of Dallas, in which it had its residence and principal office and place of business.

On June 5th thereafter the plaintiff filed his controverting affidavit in answer to the defendant's plea of privilege. The hearing on the plea of privilege was, by order of the court, set for June 17th, in which order proper notices were directed to be issued to the defendant. The notices were issued and served on the defendant on June 7, 1926.

On December 2, 1926, during the November term of the district court of Dickens county, the issue presented by the plea of privilege and the controverting affidavit thereto was heard by the court, and the plea of privilege overruled, from which judgment the defendant prosecutes this appeal.

Appellant challenges as error the action of the court in overruling the exceptions and objections, which it urged to the continuance by the court of a hearing on the issue of venue from the May term to the November term, and the hearing and determining of such issue at said November term, because the burden was on the plaintiff, appellee here, to prosecute such issue to judgment, at the term of court at which the plea and the controversion thereof, were filed, and, having failed to do so, appellee waived his right to be heard on such issue, and the court was without jurisdiction to render any judgment except to enter an order transferring the cause to Dallas county, as prayed for in the plea of privilege.

The court's findings, which have sufficient support in the testimony, together with the record, show:

That the plea of privilege was filed by appellant on June 1st, the appearance day of the May term of court, and that appellee filed his controverting affidavit on June 5th thereafter. That on the last-named date, the court entered his order setting the hearing on the issue of venue for June 17, 1926, and directed that proper notice be issued and served upon the defendant of the date such issue would be heard.

That on the same date the clerk of the court issued notice, and service thereof was had on the appellant on June 7th, which was nine days prior to the date set for the hearing, and the defendant submitted an amicus curiæ suggestion to the court that the service was not complete for the full ten days, and appellant would not appear on such date. That June 17th was the most available date of said term of court, consistent with the business thereof on which said hearing could be had, and that the business of the court did not permit a hearing on such issue on any date after the 17th, the court adjourning on the next day, June 18th. That it therefore became necessary to set the hearing for the next term of court, which was accordingly done, and the hearing set for December 2d. That it was impracticable to sooner dispose of such plea, and the appellee used due dili-

gence to have the issue disposed of 'at the May term of said court. That appellant was a private corporation, and there was sufficient evidence to authorize a jury to find liability against appellant, as alleged in appellee's petition.

Geo. Rahl filed a suit in the district court of Dickens county, Tex., to recover damages for personal injuries against the appellant, based on facts similar to those alleged by the appellee Frank K. Robinson in this case, and the date of the institution of such suit, the service upon appellant, the filing of the plea of privilege, and the controverting affidavit present the same questions, and by agreement the two cases were consolidated for the purpose of hearing and determining the issue of venue, and both abide the result of this appeal.

The appellee filed his controverting affidavit in due time. Article 2007, R. C. S. 1925. The hearing on the plea was by the court properly set for hearing, and service of such order had upon appellant. Article 2008, R. C. S. 1925.

Article 2013, R. C. S. 1925, provides:

"Pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term at which they are filed, if the business of the court will permit."

Under this article, and the facts revealed by the record, the court was authorized to hear and determine the issue presented by the plea of privilege and the controverting affidavit thereto, at the November term of court. Sibley v. Continental Supply Co. (Tex. Civ. App.) 290 S. W. 769.

Finding no error in the record, the judgment is affirmed.