## CLARK v. SHAMROCK COMPRESS & WAREHOUSE CO. et al.

### No. 3458.

Court of Civil Appeals of Texas. Amarillo.

Oct. 15, 1930.

Will Crow, of Canadian, for appellant.

J. B. Clark, of Shamrock, Wynne & Wynne, of Athens, and Adams & Harrell, of Dallas, for appellees.

JACKSON, J.

The plaintiff, E. Clark, on May 20, 1929, filed this suit in the county court of Wheeler county, Tex., answerable at the July term of said court, against the Shamrock Compress & Warehouse Company, alleged to be a corporation, as defendant. Plaintiff sought to recover the sum of $428.61 with interest thereon at the rate of 6 per cent. per annum from February 11, 1927, basing his cause of action on certain receipts for five bales of cotton issued to him by the Shamrock Compress & Warehouse Company.

On July 15, 1929, during the July term of said court, the Texas Compress & Warehouse Company filed a plea in abatement, in which the existence of any corporation in the state of Texas under the name of Shamrock Compress & Warehouse Company was denied. This plea in abatement was never passed on by the court, but on September 12, 1929, the plaintiff filed his amended petition, answerable at the October term of said court thereafter, setting up the same cause of action and making the Texas Compress & Warehouse Company, a corporation, and the Union Compress & Warehouse Company, a corporation, defendants.

At the regular October term of said court, to wit, October 22, 1929, the defendants each filed its duly verified plea of privilege to have the cause removed to Henderson county, Tex., the residence of the defendants.

On January 6, 1930, the plaintiff filed his controverting affidavits to the pleas of privilege filed by the defendants.

On January 20th, the defendants each filed its motion to strike out the plaintiff's controverting affidavits, because such controverting affidavits were not filed within the time required by statute.

The court sustained these motions to strike out the plaintiff's controverting affidavits to the defendants' respective pleas of privilege and entered judgment changing the venue of the case to Henderson county, Tex., from which judgment this appeal is prosecuted by plaintiff.

The appellant presents as error the action of the trial court in his proposition which is as follows:

"Where pleas of privilege are not filed until appearance day of the term of court to which the defendants are cited to appear and answer, and the plaintiff filed controverting affidavits before the appearance day of the next succeeding term of court, the controverting affidavits are filed in time and it is error for the Court to sustain motions of the defendants to strike out the controverting affidavits."

The appellant relies on an opinion by this court in Griffin v. Linn, 3 S.W.(2d) 148. The

opinion in the case supra followed the holding of the Fort Worth Court of Civil Appeals in Sibley v. Continental Supply Company, 290 S. W. 769.

In the case of Sibley v. Continental Supply Co., supra, a writ of error was denied, but in so doing the Supreme Court in a per curiam opinion, 116 Tex. 402, 292 S. W. 155, 156, says:

"The writ of error in this case was properly refused regardless of the erroneous construction placed by the Court of Civil Appeals on article 2007 of the Revised Statutes."

As we construe this opinion by the Supreme Court, the decision of this court upon which appellant relies, Griffin v. Linn, supra, is, in effect, overruled. Judge Buck, who wrote the opinion for the Court of Civil Appeals of Fort Worth, in the case of Sibley v. Continental Supply Company, so construed the holding of the Supreme Court in that case in City of Dallas v. Springer et al. (Tex. Civ. App.) 8 S.W.(2d) 772, 775. After referring to the opinion of the Supreme Court in the Sibley Case, he says:

"Apparently, the Supreme Court was of the opinion that the controverting affidavit must be filed within five days after the filing of the plea of privilege, even though the plea of privilege was filed on appearance day."

See, also, Strickland v. Payne (Tex. Civ. App.) 7 S.W.(2d) 114; McKittrick v. McDaniel (Tex. Civ. App.) 300 S. W. 97.

The authorities are conclusive against appellant's contention, and the judgment of the trial court is affirmed.