## BUNDRANT v. WOODLEY.
No. 3470.

Court of Civil Appeals of Texas. Amarillo.
Oct. 29, 1930.

Rehearing Denied Nov. 12, 1930.

On Second Rehearing Dec. 3, 1930.

Levens, McWhorter & Howard, of Lubbock, for appellant.

Schenck & Triplett, of Lubbock, for appellee.

RANDOLPH, J.

This suit was filed by appellant, by his next friend, against E. L. Woodley. The appellee, defendant below, presented his plea of privilege to be sued in the county of his residence, which plea of privilege the trial court sustained and ordered the cause transferred to the district court of Dallas county. From this order an appeal has been taken to this court.

The plaintiff's petition was filed in the district court of Hockley county on August 10, 1929. The September term of that court began on the first Monday in September, 1929. On August 31, 1929, the defendant filed his plea of privilege to be sued in Dallas county, the county of his residence.

It appears from plaintiff's original petition that plaintiff alleges the residence of the defendant to be in Dallas county. While the plaintiff does allege that the defendant was the owner and operator of certain farms in Hockley county and that one Eugene Walden, an employee and agent of the defendant, operated and drove a certain motortruck and that the plaintiff, a child of tender years, etc., was permitted to enter upon said truck and was riding on the running-board of the truck and was thrown or fell from same, there were also appropriate allegations charging negligence on the part of plaintiff's agent and of the injury to the plaintiff, yet nowhere is there a positive averment that the accident in which the plaintiff was injured occurred in Hockley county. The question whether or not the pleading by intendment charges that the injury occurred in Hockley county, so as to give the district court of that county jurisdiction, might arise were it not for the failure of plaintiff to file his controverting affidavit in due time.

Article 2007, R. C. S., provides as follows:

"A plea of privilege to be sued in the county of one's residence shall be sufficient if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of process thereon, nor at the time of filing such plea, a resident of the county in which such suit was instituted and shall state the county of his residence at the time of such plea, and that 'no exception to exclusive venue in the county of one's residence provided by law exists in said cause'; and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue. If the plaintiff desires to controvert the plea of privilege, he shall with-

in five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

██ It will be seen that this article provides expressly that such plea shall be prima facie · proof of defendant's right to change of venue. However, if the plaintiff desires to controvert the plea of privilege, he shall, within five days after appearance day, file a controverting plea under oath, setting out the facts, etc. As stated above, this suit was filed returnable to the September,' 1929, term of the district court of Hockley county. Before that term of court began, the defendant filed his plea of privilege, consequently the plaintiff's controverting affidavit should have been filed within five days after the appearance day of that term, September term, 1929. As a fact, the plaintiff did not file the controverting affidavit until the next term of the court, which was too late. The defendant's plea of privilege, having been filed in due time and not having been controverted within five days after the appearance day of the September, 1929 term, the only thing that the court was called on to do was to transfer the case.

In the case of Griffin v. Linn, 3 S.W.(2d) 148, this court held the contrary to the proposition here laid down, holding that the provision intended to require the filing of the controverting affidavit within five days after the appearance day of the succeeding term of court. In this we followed the decision of the Fort Worth court in the case of Sibley v. Continental Supply Co., 290 S. W. 769.

In the case of Clark v. Shamrock Compress & Warehouse Co., 31 S.W.(2d) 867, in an opinion rendered by Judge Jackson on October 15, 1930, this court recited the fact that the Supreme Court, in denying an application for writ of error in the case of Sibley v. Continental Supply Co., in a brief notation in 116 Tex. 402, 292 S. W. 155, 156, used this language in refusing a writ of error:

"Writ of error denied.

"The writ of error in this case was properly refused regardless of the erroneous construction placed by the Court of Civil Appeals on article 2007 of the Revised Statutes."

At a period subsequent to this holding of the Supreme Court, the Fort Worth court recognized it as a direction to them thereafter to hold "that the controverting affidavit must be filed within five days after the filing of the plea of privilege, even though the plea of privilege was filed on appearance day," and proceeded to hold accordingly. City of Dallas v. Springer (Tex. Civ. App.) 8 S.W.(2d) 772, 775.

Judge Jackson, in the Clark Case, supra, holds that by the notation above quoted the Supreme Court overruled our holding in the Griffin Case, supra, in which rule and the

holding the other members of this court concurred.

We accordingly affirm the trial court's judgment. .

## On Motion for Leave to File Second Motion for Rehearing and on Consideration of Said Second Motion.

The appellant has filed a motion for leave to file his second motion for rehearing, and in said motion calls our attention to an error committed by us in our original opinion. ´

We find on another investigation of the record that we erred in holding that the appellant did not file his controverting affidavit until the next term of court after the term at which the plea of privilege was filed. The facts are that the defendant filed his plea of privilege on August 31, 1929, which was a few days before the commencement of the term of court to which the case was returnable. On September 7, 1929, the plaintiff filed his controverting affidavit, which filing was within five days after the appearance day of that term of the trial court, and the trial court thereupon set the hearing of the plea of privilege and the controverting affidavit ´down for hearing on the 21st day of September, 1929. The record is silent as to any further steps being taken in the matter of the hearing on the plea and affidavit until the next term of court. There is no record entry of any reason why the matter was continued over to the next term of court. On March 24, 1930, which was at the term of court succeeding the September, 1929, term of court, the plaintiff filed his first amended original controverting affidavit, and the trial court then heard the questions presented by the plea of privilege and the affidavit and sustained the plea of privilege and ordered the case transferred to· Dallas county, the defendant's place of residence.

██ This plea of privilege and contesting affidavit were purely dilatory and should have been disposed of at the term of court at which they were filed, the business of the court permitting, and, as stated, the record failed to disclose any reason why they were not so disposed of. Aldridge v. Webb & Hill, 92 Tex. 122, 46 S. W. 224; Texas Packing Co. v. St. Louis, S. W. Ry. Co. (Tex. Com. App.) 227 S. W. 1095; Davis v. Southland Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 298; Box v. Deming Inv. Co. (Tex. Civ. App.) 286 S. W. 956, and cases therein cited.

██ It therefore becomes unnecessary for us to consider the question of the sufficiency of the plaintiff's petition. The plea of privilege having been filed in due time and the contest not having been disposed of at that term of the court at which it was filed, the trial court had no jurisdiction to enter any further orders in the case except to have transferred it.

We therefore grant leave for the plaintiff to file his second motion for rehearing, and, having considered same, said second motion is overruled, and the judgment of the trial court is affirmed as in the original opinion.