## THOMAS v. PLAINVIEW COTTON OIL CO., Inc.

### No. 3784.

Court of Civil Appeals of Texas. Amarillo.
April 6, 1932.

Rehearing Denied April 27, 1932.

Levens, McWhorter & Howard, of Lubbock, for appellant.

Peyton B. Randolph, of Plainview, for appellee.

JACKSON, J.

The plaintiff, Plainview Cotton Oil Company, Inc., on February 21, 1931, instituted this suit to the May term, 1931, of the district court of Hale county, Tex., against the defendant, J. M. Thomas, to recover the sum of $967 on an alleged written contract performable in Hale county, and pleaded that the defendant resided in Lubbock county, Tex.

On April 29, 1931, the defendant filed his plea of privilege in due form, asserting that he was not a resident citizen of Hale county, and that no exception to exclusive venue in the county of one's residence existed.

On May 5th, the plaintiff filed its controverting plea, alleging that on October 22, 1929, the plaintiff and defendant entered into a written contract by the terms of which the plaintiff agreed to sell and the defendant agreed to buy certain cotton-seed meal and cotton-seed hulls; that in said written contract the defendant agreed that all the obligations arising thereunder should be performed in Plainview, Hale county, Tex., and not elsewhere. That the money sued for is for cotton-seed meal and cotton-seed hulls sold to the defendant by plaintiff under said contract.

Notice was regularly served on the defendant, notifying him of the controverting affidavit and the setting of the hearing of the plea on the 22d day of June, 1931.

At the September term, 1931, of the district court of Hale county, on the 29th day of September, the court entered judgment that, after notation of the time for hearing the controverting plea and the filing of a waiver of notice of such controverting affidavit by the defendant, the plea of privilege came on to be heard, the parties announced ready for trial, and the court, having heard and considered the evidence and the argument of counsel on the plea of privilege and the controverting affidavit, was of the opinion that the plea of privilege should be, and was thereby, overruled, to which action of the court the defendant excepted and prosecutes this appeal.

The appellant assigns as error the action of the trial court in overruling his plea of privilege, because said plea of privilege and the controverting affidavit thereto were filed and the hearing thereon set for the May term of the court, and no hearing thereon was had and no disposition was made of the plea of privilege and controverting affidavit during said term, and the court was without jurisdiction to enter an order overruling said plea of privilege at the subsequent September term of the court.

The record fails to disclose that any order was made at the May term of court relative to the plea of privilege, and no showing is made why the hearing on said plea was passed until the September term. Had appellant not appeared at the September term and presented his plea of privilege, the trial court, under the law, would have had no jurisdiction to pass upon the plea, but would have been required to transfer the case to Lubbock county, Tex. Bundrant v. Woodley (Tex. Civ. App.) 32 S.W.(2d) 664.

■ There was no exception or objection taken by appellant to the action of the court in considering the plea of privilege at the subsequent September term. The record discloses that appellant was present and testified on the hearing and represented in the hearing by his attorney. This being true, the appellant waived his right to present as error in this court the failure of the trial court to dispose of the plea of privilege at the May term of court. Griffin v. Linn (Tex. Civ. App.) 3 S.W.(2d) 148.

The appellant presents as error the action of the trial court in overruling his plea of privilege because the uncontroverted testimony shows that he was not a resident of Hale county, Tex., and that the feed furnished by plaintiff was not covered by the written contract on which suit was brought.

■ The contention under this assignment presents a controverted issue of fact which was resolved in favor of appellee by the trial

court on sufficient evidence to support his finding, which is conclusive on appellant and this court.

The judgment is affirmed.