## BRASHEARS v. STRAWN NAT. BANK.

### No. 1028.

Court of Civil Appeals of Texas. Eastland.

Dec. 2, 1932.

L. R. Pearson and W. S. Adamson, both of Ranger, for appellant.

Ritchie & Ritchie, of Mineral Wells, for appellee.

FUNDERBURK, Justice.

The suit is by Strawn National Bank against Wes Marchbanks and wife and Houston Brashears. All defendants reside in Eastland county. Recovery was sought against Wes Marchbanks and Houston Brashears upon a note signed "Wes Marchbanks," for the principal sum of $1,800, and for a foreclosure against all defendants of a chattel mortgage lien upon certain cattle. The petition was filed February 19, 1931. On the same day Houston Brashears was duly served with citation commanding him to appear on March 2, 1931. On the last-named date he filed a plea of privilege. The term of court, if not sooner adjourned, necessarily ended April 18, 1931. The only service of citation on Marchbanks and wife commanded their appearance on the 1st day of the next term, which was June 22, 1931. On April 16, 1931, plaintiff, in reply to the plea of privilege, filed an unsworn controverting plea. Before the expiration of the March term, the case was continued; the order reciting that it was without prejudice to the plea of privilege. On July 22, 1931, a properly verified amended controverting plea was filed, and on the same day the case was again continued without prejudice to the plea of privilege. On November 6, 1931, Houston Brashears filed a motion to transfer the cause to Eastland county in accordance with his plea of privilege. The motion was overruled, as was also the plea of privilege. From the latter action, this appeal is prosecuted.

Venue was sought to be held in Palo Pinto county on the ground that Houston Brashears and Wes Marchbanks were partners doing business under the name of "Wes Marchbanks," and that the note sued on was the note of the copartners, whereby they had contracted to make payment of the note in Palo Pinto county. It is insisted that the evidence failed to show the existence of the partnership. We do not deem it necessary to pass upon this question, as independently thereof, we think the case should have been transferred to Eastland county. The plea of privilege in legal form was filed on appearance day, March 2, 1931. It was necessary that it be filed on that day (or the next day), in order to prevent a possible interlocutory judgment by default. In order to join an issue on the question of privilege, it was necessary that a sworn plea controverting the plea of privilege be filed within five days after the appearance day, March 2, 1931. R. S. 1925, art. 2007; Sibley v. Continental Supply Co., 116 Tex. 402, 292 S. W. 155; Dallas Joint-Stock Land Bank v. Webb (Tex. Civ. App.) 48 S.W.(2d) 434; Barnum v. Lancaster Hardware Co. (Tex. Civ. App.) 40 S.W.(2d) 1103; Clark v. Shamrock Compress, etc., Co. (Tex. Civ. App.) 31 S.W.(2d) 867; City of Dallas v. Springer (Tex. Civ. App.) 8 S.W.(2d) 772; McKittrick v. McDaniel (Tex. Civ. App.) 300 S. W. 97; Galbraith v. Bishop (Tex. Com. App.) 287 S. W. 1087.

Even if the failure of the plaintiff to file its controverting plea within five days after appearance day did not foreclose the venue question, as we think it did, it was at all events necessary that the controverting plea have been filed at a time such as to permit the issue thereby joined to be determined at the same term of the court, unless, as provided

by rule 24 of district and county courts, it be passed by agreement of the parties, with the consent of the court. Bundrant v. Woodley (Tex. Civ. App.) 32 S.W.(2d) 664; Austin Bridge Co. v. Wren (Tex. Civ. App.) 297 S. W. 654; Box v. Deming Inv. Co. (Tex. Civ. App.) 286 S. W. 956; Davis v. Southland Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 298.

■ Plaintiff, in filing its controverting plea only two days before the extreme limit of time the court under the law could continue, did not file same in time to have due notice given and the issue disposed of during the term, irrespective of any · condition of the court's business.

■ We are also of opinion that the controverting plea, even if it had been filed in time, was insufficient to tender an issue which would have authorized the court to overrule the plea of privilege. To the plea was added the form of an affidavit not containing the name of any officer, and therefore not purporting to contain a certification of the essential facts to constitute an affidavit, as prescribed in R. S. 1925, art. 23, subd. 18. Giving full recognition to the fact that a controverting plea may, under certain circumstances, be amended, it is none the less true that the filing of such a plea, not supported by affidavit, does not raise an issue of venue. A plea lacking in the essential fact of verification is simply without effect. If the controverting affidavit is insufficient and the plea of privilege be not waived, the court acquires no jurisdiction of the person of the defendant except to transfer the case. Gorbett v. Berryman & Watters (Tex. Civ. App.) 7 S.W.(2d) 100; Witt & Sons et al. v. Stith (Tex. Civ. App.) 265 S. W. 1076; Green v. Brown (Tex. Civ. App.) 271 S. W. 394; Smith v. Daniels (Tex. Civ. App.) 288 S. W. 496.

The case last cited dealt specifically with an unsworn plea.

For these reasons we are of opinion that the judgment of the court below should be reversed, and judgment here rendered ordering a transfer of the case, all of which is accordingly so ordered.