## LOPEZ et ux. v. CANTU et al.
### No. 10555.

Court of Civil Appeals of Texas.
San Antonio.
June 7, 1939.

Lloyd & Lloyd, of Alice, for appellants.

Lewis & Russell, of San Antonio, for appellees.

**SMITH, Chief Justice.**

This appeal is from an order of a County Court at Law of Bexar County, overruling the plea of privilege of appellant, Juan R. Lopez (and wife), to be sued in the county of his domicile, to-wit, Duval.

The suit was brought by appellee, Richard P. Cantu against Lopez, admittedly a resident of Duval County, and Hugh E. Dixon and wife, residents of Bexar County, to recover upon two promissory notes alleged in Cantu's petition to have been executed by the Dixons and payable in Bexar County, and to foreclose a chattel mortgage upon certain personal property of the alleged value of $600. As against Lopez it was alleged, simply, that he was "asserting some kind of claim" on the mortgaged property, but that the claim was inferior to plaintiff's claim. The plaintiff's petition contained no allegations as to whom the notes are payable, or as to who executed the chattel mortgage, or as to the ownership of either the notes or mortgage.

Appellant's plea of privilege was in statutory form, properly verified and timely filed and presented. In due course, also, appellee filed his plea controverting appellant's plea of privilege, but failed to verify it as required in Art. 2007, R.S.1925. Omitting formal parts, appellee's controverting plea was as follows: "Now comes, Richard P. Cantu, plaintiff in the above entitled and numbered cause, and controverts the plea of privilege of the said Juan R. Lopez and Felipe Lopez, Defendants herein, and says that he has good reason to believe, and does believe, and so alleges, that Defendants said plea is incorrect, and this court has venue of this cause and of the person of these defendants on the following grounds and reasons, to-wit: That the notes on which this suit is based, dated December 1st, 1936, are payable in San Antonio, Bexar County, Texas, that the said Hugh E. Dixon is now a resident of Bexar County, Texas, and is a party Defendant in this said cause, and Article 1995, Revised Civil Statutes of the State of Texas for 1925, paragraph 4 proves as follows: 'If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides,' and paragraph 5 provides as follows: 'If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile.'"

It will be observed that no reference was made, in the controverting plea, to appellee's petition in the suit.

Upon a hearing of the matter of venue appellee, admitting Lopez's residence in Duval County, introduced no evidence except the notes and mortgage relied on for recovery, and his original petition and controverting plea, whereupon the trial

judge overruled appellant's plea of privilege. This appeal resulted.

It should be added that appellant objected to the introduction of the notes and mortgage upon the ground, sustained by the record, that the execution of those instruments had not been shown, and because not supported by allegations in the controverting plea. Appellant also objected to the introduction of appellee's original petition, upon the ground that "it is not proof of its allegations and it has no place in this case." We are of the opinion that the court erred in admitting those instruments over the objections made by appellant, and, further, that the court erred in not sustaining, and in overruling, appellant's plea of privilege, for several reasons, some of which will now be noticed.

■ 1. Appellee's controverting plea was fatally defective because not verified as required by statute. Art. 2007, R.S.1925; 43 Tex.Jur. p. 824, § 95; Smith v. Daniels, Tex.Civ.App., 288 S.W. 496; Witt & Sons v. Stith, Tex.Civ.App., 265 S.W. 1076; Brashears v. Strawn Nat. Bank, Tex.Civ. App., 57 S.W.2d 177.

■ 2. Appellee's controverting plea was deficient in that it stated no cause of action against the resident defendant, whereby appellee was cut off from claiming venue under the 4th exception to the general venue statute (Art. 1995, R.S.1925), which provides that if two or more defendants reside in different counties, suit may be brought in either of such counties. 43 Tex. Jur. pp. 822, 869, §§ 93, 125; Bender v. Kowalski, Tex.Civ.App., 13 S.W.2d 201; Spencer v. Presbyterian Board, Tex.Civ. App., 36 S.W.2d 606.

■■ 3. As a matter of law, the controverting plea states no cause of action against any defendant, and as appellee's petition was not made a part of his controverting plea, or even referred to therein, it may not be looked to in aid of the controverting plea. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.2d 347; Bender v. Kowalski, supra; Fenner v. Little, Tex. Civ.App., 93 S.W.2d 783.

■ 4. The court erred in admitting appellee's original petition in evidence over appellant's objections, for, although such pleading may be looked to in determining the nature of a suit, it is never proof of any venue fact. Commercial Standard Ins. Co. v. Lowrie, Tex.Civ.App., 49 S.W.2d 933, writ refused; Mundy v. Waite, Tex.Civ. App., 103 S.W.2d 1094; American Fruit Growers v. Sutherland, Tex.Civ.App., 50 S.W.2d 898; Brown v. Cox, Tex.Civ.App., 53 S.W.2d 849.

■ 5. The court erred in admitting the notes and mortgage in evidence, and in giving effect thereto, over appellant's timely objection, sustained by the record, that the execution of those instruments had not been proved. To sustain venue in suit on note in county of forum on ground that defendant had bound himself in writing to pay obligation in that county, plaintiff has burden to put in evidence not only note sued on but to make affirmative proof of due execution of obligation, and in absence of such proof defendant.is entitled to claim privilege. 43 Tex.Jur. p. 866, § 123; Lanford v. Lovett, Tex.Civ.App., 97 S.W.2d 982, and authorities.

■ 6. There being no proof, therefore, that appellant was bound by a contract performable in Bexar County (or by any contract, as for that matter), venue could not be sustained by virtue of the fifth exception to the venue statute, in which it is provided that when a person has contracted in writing to perform an obligation in a particular county, suit may be brought thereon in that county, or that of the residence of the defendant. Art. 1995, § 5, R.S.1925, Vernon's Ann.Civ.St. art. 1995, subd. 5.

The judgment is reversed and the cause remanded to the trial court with instructions to the clerk of that court to make up a transcript of all the orders made in said cause, certifying officially thereto, and transmit the same with the original papers in the cause to the Clerk of the District Court of Duval County, as provided in Art. 2020, as amended by Acts of 1933 (43d Leg. p. 546, Ch. 177), Vernon's Ann.Civ.St. art. 2020.