## CONTINENTAL FIRE & CASUALTY INS. CORPORATION v. WHITLOCK.

### No. 5911.

Court of Civil Appeals of Texas. Amarillo.

Nov. 29, 1948.

See also 213 S.W.2d 761.

John T. Gano, of Dallas, and M. E. Clough, of Fort Worth, for appellant.

Allen Clark, of Greenville, for appellee.

STOKES, Justice.

This is an appeal from an order of the trial court overruling appellant's plea of privilege to be sued in Dallas County, the county of its residence and principal place of business. Appellee, James H. Whitlock, filed suit in the county court of Hunt County against appellant, Continental Fire & Casualty Insurance Corporation, to recover judgment for $244.47 upon an automobile fire insurance policy issued by appellant, the amount sued for alleged to be due appellee as mortgagee named in the policy. The suit was filed July 11, 1947, and on August 1, 1947, appellant filed its plea of privilege which was controverted by appellee. Upon a hearing of the plea of privilege and the controverting plea the court overruled the plea of privilege and appellant perfected an appeal to the Court of Civil Appeals at Dallas. The case was transferred to this court by order of the Supreme Court and on March 29, 1948, the judgment was reversed and the cause remanded for insufficiency of the affidavit to the controverting plea. Tex. Civ.App., 210 S.W.2d 261. Upon return of the mandate appellee filed an amended controverting plea which fully complied with the rules of pleading in such matters and appellant thereupon filed a plea to the jurisdiction of the court in which it asserted the court was without jurisdiction to enter any order except one transferring the case to the County Court at Law of Dallas County. The court overruled the plea to the jurisdiction and, upon a hearing of the issues made by the plea of privilege and the amended controverting plea, the plea of privilege was again overruled. Appellant duly excepted to the action of the court, gave notice of appeal to the Court of Civil Appeals at Texarkana, and the case is again before this court upon an order of the Supreme Court equalizing the dockets of the courts of civil appeals.

Appellant contends the court below was without jurisdiction to pass upon the amended controverting plea or to enter

any order or judgment in the case other than to transfer it to the County Court of Dallas County because the original controverting plea was not properly sworn to; that it was therefore null and void and constituted no basis for an amendment. It asserts therefore that the amendment is nothing more than an original controverting plea and, since it was filed more than eight months after appellant filed its plea of privilege, it did not comply with the provisions of Rule 86, T.R.C.P. which requires such pleadings to be filed within five days after appearance day or after the filing of the plea of privilege.

■ There are a number of reported cases in which our courts have reversed and rendered judgments of trial courts overruling pleas of privilege and ordered the cases transferred to the counties of the defendants' residences and in a number of them it was said that, where the plea of privilege was not properly controverted, or was not filed within the time prescribed by the statute or rule, the trial court had no jurisdiction to enter any order other than one transferring the venue. It is now settled, however, that appeals of this character are governed by the general rules governing appeals in civil cases and, when the appellate court reverses the trial court, it is not compelled in all instances to render judgment. It can reverse and remand the case or render judgment according to the circumstances revealed by the record. Lanford v. Smith, Chief Justice, et al., 128 Tex. 373, 99 S.W.2d 593; Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978.

In the case last cited the Supreme Court held that the purpose of the legislature in prescribing the period of time within which the controverting plea shall be filed was to limit the time within which such plea may be filed "as a matter of right." It was said that such provision was not intended to affect the power of the trial court to authorize such pleas to be filed after the expiration of the period when good cause is shown and that while, pending the plea of privilege, the court is without power to render a final judgment upon the merits of the case, jurisdiction of the subject matter of the plea of privilege remains in the court until, by affirmative action, it surrenders that jurisdiction.

■ When the former appeal was before this court, it was considered that the record revealed circumstances which justified the remanding of the case to the trial court instead of rendering judgment and ordering the venue changed to Dallas County. Since the venue was not changed by order of this court, the court below retained jurisdiction and venue of the issues made by the plea of privilege. It has many times been held that a plea controverting a plea of privilege, although defective, is amendable under the same rules as other pleadings and that, when it is amended, the amendment relates back to, and supersedes, the original controverting plea. Braggins v. Holekamp, Tex.Civ.App., 68 S.W. 57; O'Bannon v. Pleasants, Tex.Civ.App., 153 S.W. 719; Miller v. Fram, Tex.Civ.App., 2 S.W.2d 1008; Paxton v. First State Bank of Tatum, Tex.Civ.App., 74 S.W.2d 132; Howell v. Dixon, Tex.Civ.App., 89 S.W.2d 243; National Hotel Co. v. Gwaltney, Tex.Civ.App., 127 S.W.2d 365.

■ Appellee's original petition alleged a case in which the County Court of Hunt County was clothed with jurisdiction and venue. The only defect in appellee's controverting plea was that, in the affidavit, it was averred that the facts stated in the "plea of privilege" and plaintiff's petition were true and correct. Obviously the reference to the plea of privilege, instead of the controverting plea of the plaintiff, in the affidavit to the original controverting plea, was a clerical error. It could, and no doubt would, have been amended when the plea of privilege was heard upon the first trial if it had been questioned and, since jurisdiction remained in the court concerning all matters pertaining to the plea of privilege after the case was reversed and remanded and the jurisdiction had not been surrendered by the trial court, nor ousted by an order of this transferring the venue, the court below had the power to permit appellee to file an amended controverting plea. When it was filed, it superseded the original controverting plea and related

back to the date of its filing, which was within the time prescribed by the rule.

We have carefully considered all of the assignments, points of error and contentions presented by appellant and, in our opinion, none of them reveals error. The judgment and order entered by the court below overruling the plea of privilege will therefore be affirmed.