**FARMER et al. v. CASSITY.**

No. 4781.

Court of Civil Appeals of Texas. Beaumont.

Sept. 11, 1952.

James E. Faulkner, Coldsprings, for appellants.

Ross Hightower and ·V. A. Collins, Livingston, for appellee.

WALKER, Justice.

The plaintiff, who is the appellee, re-covered a judgment against the defendants, namely, Elbert Farmer and Lester Farmer, who are the appellants, for the sum due on a promissory note given him by said defendants in part payment for some timber, and this judgment also decreed a foreclosure of the vendor's lien on this timber. From this judgment the defendants have appealed.

Defendants were ·not present at the trial, and the cause was tried to the court without a jury. Defendants have filed a transcript of the record but have, not filed a statement of facts, and the transcript contains no bills of exception. The transcript shows that the following proceedings occurred.

The original petition alleged a cause of action for recovery on the promissory note, and also alleged that defendants were threatening to cut the timber and prayed that they be enjoined from doing so. The vendor's lien was not alleged. A temporary restraining order issued under this pleading.

Defendants filed a joint answer to this original petition. It is unnecessary to describe this pleading fully. In it the defend-ants first sought to abate the restraining order and to defeat other injunctive relief; and the trial court heard and granted this plea on the day when the answer was filed. Subject to this plea the defendants alleged matter in set-off. The answer contains no denial, either general or special.

Ten days after the filing of the answer, to-wit, on January 12th, each defendant filed a plea of privilege praying transfer of the cause as to him to the county of his residence. Defendant Lester Farmer alleged that he resided in Galveston County, and defendant Elbert Farmer alleged that he resided in· San Jacinto County. That, part of the defendants' answer which fol-lows, the plea attacking the injunction recites that it is subject to that plea and also to "their respective pleas of privilege", but no pleas of privilege were on file then.

No further appearance in the cause was made by the defendants until they gave notice of appeal from the judgment under review, rendered on the merits.

On the day after the pleas of privilege were filed, to-wit, on January 13th, the plaintiff filed an amended petition and a plea controverting the pleas of privilege; and on the same day the trial court noted· on the controverting plea an order setting the pleas of privilege for hearing on January 24th.

The amended petition made· no change in the allegations stating a cause of action on the promissory note, but to these was·

added a prayer for foreclosure of the vendor's lien.

▓ The controverting plea refers to a petition which we take to be the amended petition, although it is described as having been filed on the 12th instead of on the 13th, and quotes therefrom certain allegations concerning the promissory note (which were also made in the original petition, in the same language) and alleges other facts about the note which were alleged on both petitions; and this controverting plea shows and specifically alleges that venue of suit on the note lay in Polk County under Subdiv. 5 of Art. 1995, V.A.T.S. Concerning the amendment of the petition after a plea of privilege is filed, see: Sections 4.06 and 4.50, McDonald's Tex.Civ.Practice, citing: (1) Gomillion v. Lingold, Tex.Civ.App., 209 S.W.2d 205; Phipps v. Reed, Tex.Civ.App., 219 S.W.2d 561; (3) Pelton v. Powell, Tex. Civ.App., 196 S.W.2d 46. The petition does not clearly show where the timber was situated. The allegations stating the county where the various deeds are recorded indicate that the timber is in Hardin County; but if the trial court had venue of the suit on the note, then the trial court was authorized to retain venue of the claim for foreclosure of the vendor's lien to avoid a multiplicity of suits, under the rule stated in Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935. See: Mutual Federal Savings & Loan Ass'n v. Anderson, Tex.Civ.App., 88 S.W. 2d 499; Sec. 4.38, McDonald's Tex.Civ. Practice.

The pleas were heard on the day set; and the trial court overruled them. The order recites that evidence was heard, and purports to adjudicate the pleas on their merits; and it finds that venue lay in Polk County under Subdiv. 5 of Art. 1995, V.A. T.S. No appeal was taken from this order.

All of the proceedings were had at the November term of the Special 9th District Court of Polk County. The succeeding term of that court began on May 7th; and on that day that court set the cause down for trial on May 14th, and the cause was tried and the judgment appealed from was rendered by that court on that date. This judgment recites that the defendants were not present, in person or by attorney, and it was, of course, rendered on the amended petition.

No citation issued under the amended petition; the only citations were issued under the original petition.

Defendants filed no motion for a new trial.

The parties' briefs contain a number of statements about the way and manner in which the cause was dealt with in the trial court. We can not consider these statements and we have not done so; our judgment is based on the transcript of the record, which constitutes, as we have stated, the record of the cause on this appeal.

## Opinion

▓ Point 1 assigns as error that the defendants did not have the required notice of the hearing on the pleas of privilege and that the order adjudicating the pleas was therefore void. This order is not subject to review except as a defect in it may affect the judgment appealed from, since it was rendered at a term other than that during which the judgment was rendered, see Barron v. James, 145 Tex. 283, 198 S.W.2d 256; but the effect of Point 1 is that the judgment is also void, and the defendants so contend.

Point 1 is overruled because the record does not demonstrate the error assigned; the record does not show that the required notice was not given. Under the former practice the notice of the hearing of a plea of privilege issued out of the clerk's office, and the transcript of the record could be made to show that this notice had been issued and served; and it was held that if the defendants who filed the plea did not appear at the hearing, the record on appeal must affirmatively show that he had been served with the required notice in time to require his appearance at the hearing, and that the trial court thus had jurisdiction over him, to adjudicate his plea of privilege in his absence. See: Doak v. Biggs, Tex.Civ.App., 235 S.W.

957; Denby Truck Co. v. Thompson, Tex. Civ.App., 248 S.W. 427. Defendants seemingly argue that this rule of decision applies here.

 Actually, the record does not show whether defendants were or were not present at the hearing of the pleas of privilege, and the orders overruling the pleas of privilege were subject to direct review in the appeals adjudicated by the decisions cited while here the order overruling defendants' pleas is not. However, we believe that the rule stated in those decisions has been abrogated by changes made in the former practice. The present method of notifying a defendant that his plea of privilege has been set for hearing is now prescribed by Texas Rules of Civil Procedure 87, and this method involves, or at least may involve, the acts of private persons instead of the acts of public officers. T.R. 87 does not prescribe how the fact of service shall be proved, and the only other rule which might is T.R. 21a. This rule does provide that an attorney's written statement or the affidavit of the person (other than an officer) who served the notice "shall be prima facie evidence of the fact of service", but it does not prescribe that these particular papers shall be the only evidence by which, in the first instance, the fact of service may be proved. The trial court was therefore authorized to determine from evidence other than the prima facie proof mentioned in Rule 21a that defendants had received the notice prescribed by T.R. 87; and it may not have been possible to show this proof of record except by a proceeding initiated by the defendants. The consequence is that the defendants must demonstrate error; since the fact of service may be shown by evidence, we shall have to presume in support of the trial court's order, as is presumed regarding the sufficiency of other proof on which the order depends, see 3-B Tex.Jur. 336, #896; 3-A Tex.Jur. 520, § 412; Gohlman, Lester & Co. v. Griffith, Tex.Com.App., 245 S.W. 233, that the trial court determined, from proof made to that court, that the defendants had received the required notice. This presumption is consistent with the record. An order setting the pleas of privilege for hearing was noted on the controverting plea, and ten full days intervened between the date of this order, which was also the date when the controverting plea was filed, and the date of hearing.

 Point 2 assigns as error that the plaintiff's plea controverting the defendant's pleas of privilege was not sworn to. The particular defect in the affidavit to the controverting plea is the absence of a jurat and the signature of the officer administering the oath; the oath itself is complete and in proper form and it is properly signed. The question raised is whether the controverting plea was an absolute nullity because of this defect. We hold that it was not. The jurat is but evidence that the oath was taken, and its absence does not necessarily mean that no oath was administered. See: Order of Aztecs v. Noble, Tex.Civ.App., 174 S.W. 623. The controverting plea might have been sworn to before some authorized officer; and we note that the order overruling the pleas of privilege recites that "said controverting plea was duly verified." We agree that the jurat and the officer's signature should have been appended to the oath, but the defect was amendable. See: Fitzgerald v. Browning-Ferris Mach. Co., Tex. Civ.App., 49 S.W.2d 489; Duncan v. Denton County, Tex.Civ.App., 133 S.W.2d 197; Rogers v. Alexander, Tex.Civ.App., 289 S.W. 1070. This being so the controverting plea could not be a nullity. Thus it was said in Williams v. Wiley, 96 Tex. 148, at page 153, 71 S.W. 12, 14, in discussing the statute authorizing the effect of the power to authorize the amendment of an appeal bond: "If that which is filed is a bond, though a defective one, and appears * * * to comply with the statute regulating writs of error, the jurisdiction necessarily attaches, because the court is empowered to entertain the case, and permit the party to comply with the law." It seems that this conclusion would certainly be true under T.R. 90. That rule would be applicable to the controverting plea, and since we have presumed in the absence of a demonstration to the contrary, that proper notice of the hearing of the pleas of privi-

lege was given defendants, and since the defendants did not object to the controverting plea, the defect in the affidavit was waived. See: Super-Cold Southwest Co. v. Green & Romans, Tex.Civ.App., 185 S.W.2d 749.

Point 3 assigns as error that the judgment appealed from was rendered upon an amended petition which alleged a new cause of action which defendants were not cited to answer. The record demonstrates that citations to defendants issued under the original petition but none issued under the amendment. The record does not demonstrate whether T.R. 72 was or was not complied with. Point 3 is overruled. Doubtless allegations showing a vendor's lien securing the note originally sued upon do add a new cause of action to a plaintiff's suit. 26 Tex.Jur. 117, Sec. 411. However, the defendants had made a general appearance in the cause by filing their pleas of privilege and their answer to the merits before the plaintiff amended the petition, and it was not necessary to cite the defendants to answer the new cause of action. Rabb v. Rogers, 67 Tex. 335, 3 S.W. 303. The statement of the rule of decision made in the case cited refers to leave granted by the trial court to file the amendment, but the practice has been changed and leave to file an amended petition is ordinarily not required unless the amendment is filed within seven days of trial. T.R. 63. The plaintiff's amendment was filed about three months before the cause was tried; nothing of record indicates that the amendment could have operated as a surprise to the defendants; and thus it is to be assumed that leave to file the amendment was unnecessary. The amendment was filed during term time; but a former practice requiring five days' notice of an amendment filed during vacation mentioned in Thomas Goggan & Bros. v. Morrison, Tex.Civ.App., 163 S.W. 119 and in Turner v. City of Houston, 21 Tex.Civ.App. 214, 51 S.W. 642, is not now

in force. The apparent substitute for such notice of the amendment as the grant of leave in open court would have given the defendants (see Sec. 8.11(I), McDonald's Tex.Civ.Practice) and the only notice of plaintiff's amendment which is now required by the Rules, is that prescribed by T.R. 72. We agree with Mr. McDonald that the trial court ought first to have determined that a copy of the amended petition was sent or delivered as T.R. 72 prescribed, but upon grounds similar to those on which Point 1 was adjudicated, we hold that the defendants had to affirmatively demonstrate a violation of the rule. This has not been done, and it will be assumed in support of the judgment appealed from that plaintiff complied with T.R. 72.

Point 4 assigns as error that the trial court violated T.R. 330(b) by setting the cause for trial one week after the May term opened, without notifying the defendants that this had been done. We think the record fails to demonstrate a violation of either T.R. 330(b) or of T.R. 246, but Point 4 will be overruled on the ground that T.R. 330(b) does not apply to the trial court from which this appeal was taken. Polk County, where the cause was tried, is in two judicial districts, the 9th and the Special 9th. In such a case T.R. 330 provides that it applies if "all the district courts thereof having civil jurisdiction, have successive terms in said county throughout the year, without more than two days intervening between any of such terms". The terms of the Special 9th District Court of Polk County (from which the appeal is taken) are continuous within the meaning of this Rule, but those of the 9th District Court of said county are not. See Sec. 9. Art. 199, and the statutes immediately following as published in the 1947 Edition of Vol. 1, Vernon's Annotated Texas Statutes.

These comments adjudicate all points of error assigned. The judgment of the trial court is affirmed.