**M. C. WINTERS, INC., Appellant,**

v.

**Jack W. LAWLESS et ux., Appellees.**

No. 16759.

Court of Civil Appeals of Texas.

Dallas.

July 8, 1966.

Rehearing Denied Oct. 7, 1966.

Moursund & Ferguson, Johnson City, for appellant.

Walding, Almaguer & Breeding and Jack H. Walding, Dallas, for appellees.

CLAUDE WILLIAMS, Justice.

Appeal from an order overruling a plea of privilege. Jack W. Lawless and wife, Laura E. Lawless, brought this action on October 6, 1965 in a district court of Dallas County, Texas against M. C. Winters, Inc., a Texas corporation, and Bob Helm, of Dallas County, Texas, alleging that defendants had committed a trespass upon lands in Dallas County owned by them and seeking damages in the sum of $58,350. On October 19, 1965 M. C. Winters, Inc. filed its plea of privilege to be sued in Blanco County, Texas. Both defendants then filed original answers, subject to the plea of privilege of the corporation. On October 26, 1965 plaintiffs filed their controverting plea in opposition to the plea of privilege filed by the corporate defendant. Such instrument was acknowledged in statutory form by both plaintiffs. Thereafter on November 19, 1965 M. C. Winters, Inc. filed its special exceptions directed to the controverting plea on the ground that such plea had not been verified, as required by law, and was therefore of no force and effect. The corporate defendant prayed that the court immediately transfer the cause against it to Blanco County. On the same date, November 19, 1965, plaintiffs filed their motion requesting leave of the court to amend their controverting plea to include a verifying affidavit. On the same date the court granted the motion to amend. On November 20, 1965 plaintiffs filed their amended controverting plea, being the same as their original plea with the exception of affidavits by both plaintiffs in which they verified the facts con-

tained in such plea as being true and correct. On November 27, 1965 M. C. Winters, Inc. filed its motion to strike the amended controverting affidavit on the grounds that the alleged instrument was filed more than ten days after the filing of the plea of privilege and was therefore a nullity. The record does not disclose that this motion was ever presented to the court or acted upon.

On January 21, 1966 the court overruled the plea of privilege and M. C. Winters, Inc. brings this appeal.

By its sole point on appeal appellant contends that because appellees' original controverting plea was not verified it was completely void and not being amended to supply the verification within the time allowed by law for filing such controverting plea appellant became entitled to have the cause transferred to the county of its residence based upon its plea of privilege. It also contends that the subsequent attempt to amend and verify the original controverting plea was ineffectual absent allegation and proof of good cause for not filing the controverting plea within the ten-day period. We find appellant's contentions to be lacking in merit and affirm the trial court's judgment.

The facts, as related above, are undisputed. The question for determination here is one of law. May a controverting plea filed within ten days after the filing of the plea of privilege, as provided by Rule 86, Vernon's Texas Rules of Civil Procedure, be amended by express order of the court following such ten-day period, to correct and supply a verification omitted from the original controverting plea?

Appellant relies upon Rule 86, T.R.C.P., which provides that a party desiring to controvert the plea of privilege shall, within ten days, file a controverting plea under oath setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending.

Appellant also cites Rule 5, T.R.C.P., which provides that for an act to be done within a specified time, the court may upon "motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act." It contends that since appellees admittedly did not file a verified controverting plea within the original ten-day period that the court was without power to extend the time for filing an amended plea, duly verified, without a showing of good cause. Appellant points to such cases as Brashears v. Strawn Nat'l Bank, Tex.Civ.App., 57 S.W.2d 177 (n. w. h.); Continental Fire & Casualty Ins. Corp. v. Whitlock, Tex. Civ.App., 210 S.W.2d 261 (n. h. w.); Lopez v. Cantu, Tex.Civ.App., 130 S.W.2d 345 (n. w. h.); and Eastland v. Whitman, Tex. Civ.App., 318 S.W.2d 447 (n. w. h), as holding that unless an affidavit is properly sworn to it becomes a mere purported affidavit which has no effect and is fatally defective so that the court would not have authority to allow the same to be amended. We have carefully considered each of the cases cited by appellant and find the same to be distinguishable and, in our opinion, inapplicable to the present case. We think that the case should be determined upon the basis of a liberal construction of the rules relating to amendment of pleadings generally.

Rule 63, T.R.C.P. provides that parties may amend their pleadings as long as such action does not operate as a surprise to the opposite party. It has been repeatedly said by our courts that this right granted by Rule 63 is mandatory or a matter of right. Before a pleading can be dismissed for want of form or other defectiveness the party affected must always have an opportunity to amend. Harold v. Houston Yacht Club, Tex.Civ.App., 380 S.W.2d 184 (n. w. h); 46 Tex.Jur.2d § 205, p. 21.

It is obvious to us from a reading of the original controverting plea filed by appellees that it was their express purpose and

desire to carry out the express terms and provisions of the rule but for some reason not disclosed the form used by the officer was that of acknowledgment rather than affidavit. The amendment specifically allowed by order of the court did nothing more than to supply the correct form of affidavit for that of the incorrect form of acknowledgment. This is not the case of a party completely ignoring the provisions of the rule or not filing a controverting affidavit at all within the prescribed time. Nor is it a case where appellant has been harmed by the proceedings since it admittedly had received a copy of the controverting plea in due time and was aware of the contents thereof. We think that the situation presents the case of a defective instrument which is susceptible to being amended by order of the court without doing harm to the adverse party.

Rule 1, T.R.C.P. succinctly states that the objectives of our rules of civil procedure are to obtain a just, fair, equitable and impartial adjudication of the rights of litigants and that to the end that this objective may be attained the rules of civil procedure shall be given a liberal construction.

In Farmer v. Cassity, Tex.Civ.App., 252 S.W.2d 788, 791 (n. w. h.), the affidavit to the controverting plea was devoid of a jurat and signature of the officer administering the oath. The question raised was whether the controverting plea was an absolute nullity because of this defect. The court said:

"We hold that it was not. * * * We agree that the jurat and the officer's signature should have been appended to the oath, but the defect was amendable. [Citing cases.] This being so the controverting plea could not be a nullity."

Appellant cites Continental Fire & Casualty Ins. Corp. v. Whitlock, Tex.Civ.App., 210 S.W.2d 261 (n. w. h.), which originally held that plaintiff's unsworn controverting

plea was fatally defective and reversed and remanded the judgment. However, an examination of the case reveals that the matter was tried on its merits and again reversed and remanded, pending a final and ultimate judgment on defendant's plea of privilege. Continental Fire & Casualty Ins. Corp. v. Whitlock, Tex.Civ.App., 213 S.W.2d 761, 762 (n. w. h.). The trial court allowed plaintiff to amend its controverting plea and defendant again appealed. In Continental Fire & Casualty Ins. Corp. v. Whitlock, Tex.Civ.App., 215 S.W. 2d 657 (n. w. h.), the same case upon which appellant relies, the court expressly recognizes the right to amend the controverting plea, saying:

"It has many times been held that a plea controverting a plea of privilege, although defective, is amendable under the same rules as other pleadings and that, when it is amended, the amendment relates back to, and supersedes, the original controverting plea."

It is significant to note that in the last cited case the controverting plea was not filed for more than eight months after appellant filed its plea of privilege.

In Fester v. Locke and wife, Tex.Civ. App., 285 S.W.2d 239 (n. w. h.), the court said:

"With permission of the court a plea of privilege or controverting affidavit to such a plea may be amended like all other pleadings, and even though the original plea filed be fatally defective, if it constitutes an effort to file a plea of privilege under our practice it may be amended on the same conditions and to the same extent as other pleas."

In Carlton v. Houston Agricultural Credit Corp., Tex.Civ.App., 376 S.W.2d 363, the controverting plea lacked the essential fact of verification and was later amended. The court approved this action, saying:

"We believe that the controverting affidavit could be and was properly amended and the court was justified in considering such amended affidavit and also properly overruled the plea of privilege."

This court, in Staley v. Western Steel Wire & Pipe Co., Tex.Civ.App., 355 S.W. 2d 565, writing on the same subject, held that a defective plea of privilege may be amended.

In Leonard v. Maxwell, Tex.Civ.App., 356 S.W.2d 335, a very similar situation was presented. Following the filing of a plea of privilege the defendants filed their controverting plea but the same was not verified. Following a motion to strike the controverting plea because of its lack of verification the court permitted defendants to file their first amended controverting plea in which the defect was corrected. The Court of Civil Appeals at Austin, relying upon the last appeal of Continental Fire & Casualty Ins. Corp. v. Whitlock, supra, held that it was proper to allow the amendment to the defective controverting plea. The case reached the Supreme Court. In Leonard v. Maxwell, Tex.Sup., 365 S.W.2d 340, the majority of the court ruled that the controverting affidavit itself did not meet the requirements of the law and therefore reversed the case. In doing so the majority did not comment upon nor decide the question relating to the amendment of the defective plea. However, Justice Norvell in speaking for a minority of the court, in a dissenting opinion, at page 347, said:

"In the present case the Court of Civil Appeals has held that an unsworn plea may be amended and that the pleas subsequently filed were in effect amendments to the controverting plea filed within the ten-day period prescribed by the rules. The unsworn plea was not regarded as a nullity and the amendments thereto were held to be effective.

"This Court is now seemingly in accord with the liberal view expressed

by the Court of Civil Appeals that an unsworn plea is not a nullity but subject to amendment.

"While I do not believe the Brashears case can be reconciled with the holding of the majority of the Court of Civil Appeals in this case, I would concur in a holding that any controverting plea, no matter how defective and whether sworn to or not, is subject to amendment so long as it may be ascertained from the wording of the plea that the plaintiff is asserting a right to maintain the suit where the same had been filed."

In Brashears v. Strawn Nat'l Bank, Tex. Civ.App., 57 S.W.2d 177 (n. w. h.), chiefly relied upon by appellant, it is to be observed that the controverting affidavit was not timely filed and the court, by way of dictum, stated that even if the controverting plea had been timely filed it was not subject to amendment. In Lopez v. Cantu, Tex.Civ. App., 130 S.W.2d 345 and Eastland v. Whitman, Tex.Civ.App., 318 S.W.2d 447, both relied upon by appellant, we find that there was no attempt to amend the controverting plea in either case, as was done in the instant case.

We believe that the trial court in this case was entirely justified in permitting the amendment to the original controverting plea to supply the omitted form of affidavit. When such was done it had the effect of relating back to the original filing and did not constitute an effort to extend the time of filing as contemplated by Rule 5, T.R.C.P.

We have examined the statement of facts in this case and find that appellees introduced ample evidence of a trespass committed upon their lands in Dallas County which would clearly bring the case within an exception to the venue statute.

Appellant's point of error is overruled and the judgment of the trial court is affirmed.

Affirmed.