**GLOBE FINANCE & THRIFT COMPANY
et al., Appellants,**

v.

**Walker THOMPSON, Appellee.**

**No. 16808.**

Court of Civil Appeals of Texas.

Fort Worth.

March 10, 1967.

Evans & Marshall and Louis E. Marshall, San Antonio, for appellants.

Fritz & Vinson and Windle Turley, Dallas, for appellee.

OPINION

MASSEY, Chief Justice.

Venue case.

A controverting plea to a defendant's plea of privilege is fatally defective

if it is not verified as required by Texas Rules of Civil Procedure Rule 86, "Plea of Privilege", Lopez v. Cantu, 130 S.W.2d 345 (San Antonio Tex.Civ.App., 1939, no writ) and cases cited; Fielder v. Parker, 119 S. W.2d 1089 (Eastland Tex.Civ.App., 1938, no writ).

■ The controverting plea in the instant case being thus fatally defective, with the result that it had not the effect of its own force to make venue a litigious issue, our duty is to determine whether such character of issue existed in the case through a waiver of the defect and/or because a trial of the venue issue was conducted by implied consent as provided for by T.R.C.P. Rule 67, "Amendments to Conform to Issues Tried Without Objection". Buchanan v. Jean, 141 Tex. 401, 172 S.W.2d 688 (1943).

The appellants' contention is that there was no waiver, either under the theory that the venue issue was tried by implied consent, nor, if the rule be applicable, because of appellants' failure to point out the defect in the controverting plea as provided by T.R.C.P. Rule 90, "Waiver of Defects in Pleading".

Before entry of the order overruling the plea of privilege there were two trials, and it appears that the second was perhaps a continuation of the first with the evidence first heard considered as a part of the whole of the evidence. As applied to the cause of action upon which appellants' pleas of privilege were overruled, to-wit: for the collection of usurious interest, the evidence initially introduced by the plaintiff did not present a *prima facie* case establishing such character of action under the assumption that the hearing was properly held.

A few weeks later the trial court directed that the matter be reopened and opportunity afforded for introduction of additional testimony. At that stage of the proceedings the appellants filed a rather lengthy instrument labeled as "Defendant's Exceptions and Objections to Reopening Hearing on Defendant's Plea of Privilege to Permit Plaintiff to Introduce Further Evidence, and Motion for Judgment Sustaining said Plea on Grounds of Insufficiency, Late Filing and Lack of Good Cause For Not Filing a Controverting Affidavit in Due Time". In the body of such instrument the appellants objected to the reception of any (further) evidence on the ground that plaintiff had not complied with the requisites of T.R.C.P. Rule 86 in that the controverting plea had not been filed in time, and because "plaintiff's controverting affidavit does not comply with Rule 86 of the Rules of Civil Procedure".

By reference to the provisions of Rule 86 with respect to requisites of a controverting plea it is to be observed that in addition to provisions relative to the time for filing such there are two more requirements. The first is that such plea be under oath, and the second that it set out specifically the grounds relied upon to confer venue. We are concerned only with the first.

The second hearing or trial followed action of the trial court overruling defendants' exceptions and motion for judgment. By the conclusion of the second hearing there is no doubt but that a cause of action was proved under Vernon's Ann.Tex.Civ.St. Art. 5073, "Action on usurious rate". Said article contains provisions relative to venue of such cases. There was no objection advanced to introduction of testimony.

■ We are of the opinion that T.R. C.P. Rule 90 (relative to waiver of defects in pleading) is without application to the instant case. A purported controverting plea which contains no affidavit is a nullity. It may not be amended. McDonald Texas Civil Practice, p. 451, "Venue", § 4.50, "Controverting Affidavit—Amendment"; Brashears v. Strawn Nat. Bank, 57 S.W.2d 177 (Eastland Tex.Civ.App., 1932, no writ) and cases cited. Not having waived their contest of the venue of the court in which plaintiff brought his cause of action,—as by consenting to the trial of the venue issue as though plaintiff had in fact discharged his burden to raise such by proper pleading,— the appellants' right persisted. That right

was to have the cause removed upon their pleas of privilege.

Judgment is reversed. The cause is remanded to the trial court with instructions to enter an order transferring the case to a district court of Bexar County, Texas.