**CACTUS DRILLING CORPORATION,**
Appellant,

v.

**Price M. HAGER, as next friend of Price G. Hager, Appellee.**

**No. 6251.**

Court of Civil Appeals of Texas,
El Paso.

Oct. 25, 1972.

Hardeman, Smith & Kever, Earl W. Smith, Justin A. Kever, San Angelo, for appellant.

Warren Burnett, Associated, Richard J. Clarkson, Ruff Ahders, Odessa, for appellee.

**760**

## OPINION

PRESLAR, Justice.

This is a venue matter in which the plea of privilege of the defendant was overruled. It is a common law negligence case brought by the father for injuries to his minor son who was an employee of a trucking company which was moving a drilling rig from one location to another and erecting it for the defendant-Appellant, Cactus Drilling Corporation. Plaintiff-Appellee alleged a violation of certain duties arising under the occupier-invitee relationship. For clarity, we will refer to the injured son as the Appellee or plaintiff, since he is the one who testified. We have concluded that the judgment should be affirmed.

■ Appellant assigns error in that the controverting plea of the Appellee-plaintiff is fatally defective in that it recites that the allegations are true to the best of the affiant's "knowledge and belief." This is not the unequivocal verification required by Rule 86, Texas Rules of Civil Procedure, and for that reason it is defective. But the question is presented as to whether such defect has been waived by the failure of Appellant to point out or object to the defect in the trial Court. It has been held that this is such a defect as cannot be waived because a fatally defective controverting plea does not make venue a litigious issue. Authority for this is the case of Globe Finance & Thrift Company et al. v. Thompson, 412 S.W.2d 955 (Tex.Civ. App.—Fort Worth 1967, n. w. h.) In that case the plaintiff's controverting affidavit was not verified, and there was some question as to whether the defendant had made a proper objection to it in the trial Court. The plea of privilege of the defendant was overruled, and on appeal that holding was reversed. The Court saying:

"A controverting plea to a defendant's plea of privilege is fatally defective if it is not verified as required by Texas Rules of Civil Procedure Rule 86, 'Plea of Privilege', . . ." (Citing Lopez v. Cantu, Tex.Civ.App., 130 S.W.2d 345,

and Fielder v. Parker, Tex.Civ.App., 119 S.W.2d 1089) * * * *

"We are of the opinion that T.R.C.P. Rule 90 (relative to waiver of defects in pleading) is without application to the instant case. A purported controverting plea which contains no affidavit is a nullity. It may not be amended. McDonald Texas Civil Practice, p. 451, 'Venue', § 4.50, 'Controverting Affidavit—Amendment'; Brashears v. Strawn Nat. Bank, 57 S.W.2d 177 (Eastland Tex.Civ.App., 1932, no writ) and cases cited. Not having waived their contest of the venue of the court in which plaintiff brought his cause of action,—as by consenting to the trial of the venue issue as though plaintiff had in fact discharged his burden to raise such by proper pleading,—the appellants' right persisted. That right was to have the cause removed upon their pleas of privilege."

■ Thus, we have the court holding that the defendant did not try the issue by consent and thereby waive the defective pleading—that he did in fact make sufficient objection to it before the trial Court. This would seem to make unnecessary the additional holding that the plaintiff's controverting plea was a nullity because it was defective and such defect could not be cured by amendment. We are unable to accept such ruling as controlling case law for a number of reasons. First, it is well settled law that the controverting plea can be amended, and, this being so, the affidavit would not be fatally defective, but curable. Rule 63, T.R.C.P., provides that parties may amend their pleadings as long as such action does not surprise the opposite party. This is a matter of right, and before a pleading can be dismissed for want of form the party affected must be given an opportunity to amend. 46 Tex.Jur.2d, Sec. 205, p. 21; Harold v. Houston Yacht Club, 380 S.W.2d 184 (Tex.Civ.App.— Houston 1964, n. w. h.); M. C. Winters, Inc. v. Lawless et ux., 407 S.W.2d 275 (Tex.Civ.App.—Dallas 1966, writ dism'd). It has been repeatedly held that a controverting plea may be amended. Leonard v.

Maxwell et ux., 356 S.W.2d 335 (Tex.Civ. App.—Austin 1962) reversed on other grounds, 365 S.W.2d 340 (Tex.1963); Farmer et al. v. Cassity, 252 S.W.2d 788 (Tex.Civ.App.—Beaumont 1952, n. w. h.); Continental Fire & Casualty Ins. Corporation v. Whitlock, 215 S.W.2d 657 (Tex. Civ.App. Amarillo 1948, n. w. h.); Fester v. Locke et ux., 285 S.W.2d 239 (Tex.Civ. App.—Fort Worth 1955, n. w. h.); M. C. Winters, Inc. v. Lawless et ux. (supra); 1 McDonald, Texas Civil Practice, Sec. 4.50, Controverting Plea–Amendment, p. 602 (1965 Edition) noting that the statement in Globe Finance & Thrift Company et al. v. Thompson (supra) is from the 1950 Edition and is contra to the text of the 1965 Edition. The broad statement that a controverting plea is fatally defective if it is not verified as required by Rule 86 is true so far as it goes. It becomes fatal when objected to or pointed out as provided by Rule 90 and there is no amendment of it. Such was the case of Lopez v. Cantu (supra) cited by the court in the Globe v. Thompson opinion; also cited in that opinion was Brashears v. Strawn Nat. Bank (supra), in which the controverting plea was not timely filed, and the court by way of dictum stated that even if such plea had been timely filed it would not be subject to amendment.

◼ Our research reveals that Globe Finance & Thrift Company et al. v. Thompson (supra) has not been cited or followed in any case to date. It thus stands alone against the cases enumerated and others. The Court writing it has more recently written in Great Southwest Life Insurance Company v. Camp, 464 S.W.2d 702 (Tex. Civ.App.—Fort Worth 1971, n. w. h.) that a defective controverting plea was sufficient, and that by his failure to except to it as provided by Rule 90, the defendant waived any complaints he might have as to form or substance of the pleading. Under Rule 90, "Every defect, omission or fault in a pleading either of form or of substance" which is not specifically pointed out by motion or exception in writing is

waived. See, also, 1 McDonald, Texas Civil Practice, Sec. 4.49, p. 596, and authorities there cited for the statement:

"Failure to call the court's attention to defects in the controverting plea before the court renders its order on the plea of privilege, even defects of substance, will waive the error."

Atlantic Mutual Insurance Company et al. v. Farmers Cooperative Association, 466 S.W.2d 419 (Tex.Civ.App.—El Paso 1971, n. w. h.)

◼ We are of the opinion that the defect in the controverting plea of the Appellee-plaintiff in the case before us was curable by amendment, and that no exception or objection having been lodged against it in the trial Court, the Appellant waived the right to complain of it. The assignment of error relating thereto is overruled.

◼◼ The plaintiff-Appellee plead that he was a business invitee to the premises and that the defendant-Appellant was negligent in maintaining on the premises a latent and concealed dangerous condition which caused his injuries. Appellant asserts that there is no evidence to support those allegations and that the evidence gives rise to the "no duty" doctrine. The burden was on the plaintiff to plead and prove that this case comes within some exception to the venue statute, Article 1995, Vernon's Ann.Tex.Civ.St., and the trial Court has impliedly found the facts to be that the plaintiff met that burden. In considering the appeal, we follow the rule set forth in James et al. v. Drye et al., 159 Tex. 321, 320 S.W.2d 319 (1959), by indulging every reasonable intendment in favor of the trial Court's judgment overruling the plea of privilege and giving the testimony every reasonable presumption which could be indulged in favor of the implied findings of the trial Court. So viewed, we are of the opinion that the necessary venue facts are supported by the evidence and the judgment should be affirmed.

Appellee-plaintiff's injuries occurred while he was an employee of a trucking company which was engaged in moving and setting up a drilling rig owned by the Appellant-defendant. The evidence is that plaintiff was injured when the "traveling blocks" fell from a "catwalk" and struck him. Those are items of the defendant's drilling rig, the traveling blocks being a 10,000 pound pulley arrangement used in raising and lowering the drill bit and drill pipe in and out of the well hole. The catwalk is a long metal table used to drag drill pipe to and from the hole. It is some twenty to thirty feet long, five feet wide, four feet high, and of all metal construction. The block was on the catwalk and two trucks were attached to it with cables preparing to drag it along the catwalk into position to be raised to its place in the drilling rig. Other than photographs, the sole evidence comes from the plaintiff who testified that the cables had been attached from the trucks to the block, the driver of the truck opposite plaintiff was out of his truck, the driver on plaintiff's side of the catwalk had pulled up and stopped and was "just straightening his line," and the blocks slid off and hit plaintiff in the back and fell on his leg. A summary of his other testimony is that the catwalk was covered with grease and oil, that it was customary for the defendant to clean the catwalk of oil and grease, that he had done this operation many times, had never seen the blocks fall off before, that on a dry clean catwalk it would take a great pulling force to move the 10,000 pound blocks, that he did not know what caused the blocks to fall off unless it was the greasy condition of the catwalk, that he knew it was "excessively greasy," had seen a man slip on it the day before, but that he did not think it was dangerous to him.

■ From all of the evidence, the trial Court could have concluded that there was no force being exerted on the traveling blocks, and the fact that the 10,000 pound blocks would slide off a flat surface when greasy was a danger which was latent, and that the plaintiff had no knowl-edge and appreciation of such danger. Such findings by the trial Court would support the judgment that the plaintiff had made his case. As the Supreme Court has recently stated in Massman-Johnson, a joint venture, et al. v. Gundolf, Vol. 15 The Texas Supreme Court Journal, p. 449 (July 26, 1972):

"An occupier owes a duty to protect an invitee from a danger which is latent, as was here proved. Coleman v. Hudson Gas and Oil Corporation, 455 S.W.2d 701 (Tex.1970). But, a defendant owes no duty to an invitee who actually knows and appreciates the nature and extent of a specific danger or who is charged in law with such knowledge. One is charged in law with that knowledge and appreciation if the condition is open and obvious to the invitee.

Appellant urges that the proof in this case shows that the plaintiff had knowledge of the danger. We are unable to agree with that conclusion, as was the trial Court. The Per Curiam opinion of the Supreme Court in the above quoted-from case, says that the test of the plaintiff's actual knowledge and appreciation of a dangerous condition is measured subjectively; i. e., by the plaintiff's actual, conscious knowledge, in the occupier-invitee situation. That was the holding in Halepeska et al. v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.1963). The plaintiff in the case before us testified directly that he had no knowledge of the danger. He cannot be said to be charged with such knowledge from his past experience, for the thing which happened had never happened before in the many times the operation had been performed.

■ Under the evidence before us, and the view which we must take of it in support of the trial Court's implied findings, we conclude that the plaintiff proved that the defendant owed him a duty which the defendant violated and such violation resulted in the plaintiff's injuries.

The judgment of the trial Court is affirmed.