**LORENZO GRAIN CO–OP, Appellant,**

v.

**Domingo RANGEL, Appellee.**

No. 8343.

Court of Civil Appeals of Texas, Amarillo.

Feb. 26, 1973.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellant.

A. W. Salyars, Lubbock, for appellee.

REYNOLDS, Justice.

Defendant-appellant challenges the trial court's denial of venue in its residential county. Affirmed.

Plaintiff-appellee Domingo Rangel filed this suit in Lubbock County to recover damages from defendant Lorenzo Grain Co-op for personal injuries sustained in Lubbock County through the alleged negligence of defendant's employee, James Martin. Defendant filed its plea of privilege to be sued in, and to have the cause transferred to, Crosby County, its domicile for venue purposes. Rangel controverted the plea, asserting the right to maintain venue in Lubbock County under Vernon's Ann. Civ.St. art. 1995, subdivision 9a.[1] Following a hearing of the venue evidence without the intervention of a jury, the trial court entered its order overruling defendant's plea of privilege; and, although requested, the trial court refused to make findings of fact and conclusions of law supporting its order.

Defendant's third and final point of error is first considered. This point assigns error on the theory that the controverting plea is a nullity because, although timely filed, it was not sworn to as required by Rule 86, Texas Rules of Civil Procedure, and not amendable after the definitive filing time, thereby depriving the trial court of all jurisdiction except to sustain defendant's plea of privilege. Rule 86 provides that if the plea of privilege is to be opposed, the controverter ". . . shall within ten days . . . file a controverting plea under oath . . . ." The drafted controverting plea contained the oath and the jurat; however, while the copy delivered to the attorney for the defendant contained the executed oath and jurat, the original copy filed in the proceeding was signed by Rangel's attorney but the jurat was not executed. At the venue hearing, the trial court permitted, over the objection of the defendant who

1. "9a. Negligence.—A suit based upon negligence . . . may be brought in the county where the act or omission of negligence occurred . . . ."

disclaimed any surprise, an amended controverting plea, identical in all respects with the original plea except for being verified, to be then filed relationally to the time of the original plea.

The defendant argues, and urges this court to hold, that the provisions of Rule 86 are mandatory, requiring a strict construction which, as applied to the facts here, dictates the decision that the unsworn controverting plea is a nullity and not subject to late amendment. On this proposition, the decisions of various courts of civil appeals are in clear conflict. Some of the courts hold that under a strict construction of the rule, an unsworn controverting plea is a nullity [2] and may not be amended; [3] other courts, utilizing a liberal procedural construction, hold that an unsworn controverting plea is not a nullity and may be amended. [4]

■ In Leonard v. Maxwell, 365 S.W.2d 340 (Tex.1963), the Supreme Court considered an unverified controverting plea, later amended as to verification, which the intermediate appellate court had held not to be a nullity and to be amendable after the ten-day period allowed by Rule 86 for the filing of a controverting plea. While noting the original unverified plea did not comply with Rule 86, the Court did not decide the status of an unsworn controverting plea; this point and others raised were not passed upon and expressly reserved until they may be controlling in the decision of a cause. However, the late Justice Norvell, writing for a minority of the Court, stated that the question should be explicitly decided because of the clear conflict of decisions, and declared at page 347:

"This Court is now seemingly in accord with the liberal view expressed . . . that an unsworn plea is not a nullity but subject to amendment."

The expression by Justice Norvell and its underlying rationale accords with the better reasoned cases supporting this view, and compels the holding that, under the circumstances in the present case, the unsworn controverting plea is not a nullity and the verification amendment was properly permitted. The point of error is overruled.

The first two points of error are that there is no evidence or factually insufficient evidence to support the trial court's implied finding that any act of or omission to act by defendant's employee was a proximate cause of plaintiff's injury. In this connection defendant candidly concedes that it may be assumed, in testing proper venue, that all venue facts necessary to maintain suit in Lubbock County were established except for the cause in fact element of proximate cause.

■ In presenting these points, defendant acknowledges that Rule 385, T.R.C.P., permits, but does not require the trial court to make findings of fact and conclusions of law, and that under Gulfcraft, Inc. v. Henderson, 300 S.W.2d 768 (Tex.Civ.App.

2. e. g., Globe Finance & Thrift Co. v. Thompson, 412 S.W.2d 955 (Tex.Civ.App. —Fort Worth 1967, no writ); Eastland v. Whitman, 318 S.W.2d 447 (Tex.Civ. App.—Houston 1958, no writ), stated to be "obviously correct" in H. E. Butt Grocery Co. v. Vaught, 413 S.W.2d 940, 942 (Tex.Civ.App.—San Antonio 1967, writ dism'd).

3. e. g., Globe Finance & Thrift Co. v. Thompson, 412 S.W.2d 955 (Tex.Civ.App. —Fort Worth 1967, no writ), citing McDonald, Texas Civil Practice § 4.50 (1950

Ed.). Contr. 1 McDonald, Texas Civil Practice § 4.50 (1965 Ed.).

4. e. g., M. C. Winters, Inc. v. Lawless, 407 S.W.2d 275 (Tex.Civ.App.—Dallas 1966, writ dism'd); Leonard v. Maxwell, 356 S.W.2d 335 (Tex.Civ.App.—Austin 1962, reversed on other grounds, 365 S.W.2d 340 (Tex.1963)); Farmer v. Cassity, 252 S.W.2d 788 (Tex.Civ.App.—Beaumont 1952, no writ); Continental Fire & Casualty Ins. Corp. v. Whitlock, 215 S.W. 2d 657 (Tex.Civ.App.—Amarillo 1948, no writ).

—Galveston 1957, no writ), the refusal is not reversible error; however, since the trial court refused the request for findings and conclusions, defendant contends that the presumption of the correctness of the trial court's determination arising absent findings and conclusions must be disregarded, and the order tested by the rule of a preponderance of the evidence. The appellate test of the evidence to sustain an order establishing venue is the same as in any other case, Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953), and this necessitates a statement of the evidence.

Plaintiff Rangel, 30 years of age, is a farm laborer who has no formal education; he neither speaks nor writes the English language, and his testimony was by deposition through an interpreter. James Martin, defendant's employee, went to the farm where Rangel was employed to repair, and did repair, a defective liquid level float gauge on an empty anhydrous ammonia applicator tank. Nearby was a large nurse tank containing anhydrous ammonia. Connected to a withdrawal valve on the nurse tank was a hose used to fill the applicator tank. At the unconnected end of the hose was another valve on top of which was a bleeder valve. The accepted procedure to fill the applicator tank is to connect the hose to the applicator tank before the valve on the nurse tank is opened. Plaintiff Rangel arrived as Martin, whose responsibility it was, was ready to test the repaired gauge for leaks. The testing is accomplished by putting anhydrous ammonia in the applicator tank and observing the gauge for pressure leaks. Rangel stretched the hose from the nurse tank toward the applicator tank preparatory to attaching it to the latter. Anhydrous ammonia came out of the unconnected end of the hose into the face of Rangel, producing injury. As he fell, Rangel was able, so he testified, to "get ahold" of the valve and turn it off. Rangel deposed that he had closed both valves the night before. It was his testimony that he saw Martin open the nurse tank valve and, although he had not touched the hose end valve, it " . . . opened, and it [ammonia] squirted in my face." Martin denied opening the nurse tank valve and stated that Rangel, to untwist the hose, grabbed hold of the end valve and it opened, permitting the ammonia to escape. Rangel first stated that pressure from the nurse tank caused the end valve to open; then, when asked if the end-of-the-hose valve was closed, Rangel replied, "I don't know. It was closed, but it was apparently a little bit loose"; and then, when asked if the valve at the end of the hose was open when he took it from the nurse tank, Rangel answered, "Yes"; and later, when Rangel again was asked if the valve was closed, he replied, "I don't know." After Rangel was injured, Martin inspected the hose end valve; he found the valve not to be defective, but that it was approximately a quarter of a turn open and no ammonia was escaping therefrom.

Defendant states that Martin's opening of the nurse tank valve, if he did, cannot be the cause in fact until it is known what permitted the ammonia to escape from the end of the hose. Defendant then persuasively reasons that since Rangel's testimony that he previously closed the hose end valve is undisputed, the valve could have opened by pressure, which is negated by the evidence that it was not defective; or opened by Martin or by a third party, about which there is no evidence; or opened by Rangel when he grabbed the valve as Martin testified but denied by Rangel, in which event no act of Martin would have been a proximate cause of Rangel's injury. Moreover, defendant submits, it was not shown that it was not ammonia collected in the hose, as opposed to that which may have come from the nurse tank, that caused the injury, in which circumstance no act of Martin would be a proximate cause. Defendant refers to the

holding in Texas & Pacific Ry. Co. v. McCleery, 418 S.W.2d 494, 497 (Tex.1967) that negligent conduct in law is a cause in fact of harm only if it is a substantial factor in bringing about the harm, or, stated another way, negligent conduct cannot be a substantial factor in bringing about harm if the harm would have occurred even if the actor had not been negligent.

 Able though the presentation is, its emphasis is incongruous to that cause which produced the event and without which the event would not have occurred. Of course, the trial judge did not have to believe all of the testimony of any witness; he was privileged to accept all, part or none of the testimony of any one witness, and to draw reasonable inferences from the evidence. There is the evidence that the hose end valve was open a quarter of a turn and the ammonia did not escape until after Rangel saw Martin, who then did not know the condition of the valve, open the nurse tank valve. While the evidence is not explicit, the reasonable inference is that after the applicator tank is filled, the nurse tank valve is closed before the hose end valve is closed and the hose disconnected. This procedure in connection with the bleeder valve atop the hose end valve would serve to empty the ammonia from the hose. Thus, there was some evidence in support of, and that evidence and the reasonable conclusions drawn therefrom preponderates in favor of, the trial court's implied finding that the act of Martin in opening the nurse tank valve was a substantial factor in bringing about the event causing Rangel's injury. In brief, the emission of the ammonia was produced by Martin opening the nurse tank valve, without which act the ammonia would not have escaped. Although the evidence was conflicting, the record evidence is of sufficient probative force to support the trial court's order, and the order should not be disturbed on this appeal. Banks v. Collins, supra. The first two points of error are overruled.

The judgment is affirmed.